89 N.J. Super. 322 (1965)
215 A.2d 32
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARTHUR HUMPHREYS, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 1965.
Decided November 12, 1965.
*323 Before Judges CONFORD, KILKENNY and LEONARD.
*324 Mr. William O. Barnes, Jr. (assigned counsel) argued the cause for appellant.
Mr. Richard B. McGlynn, Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, Prosecutor of Essex County, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant appeals, pursuant to leave granted to him as an indigent, from an order of the Essex County Court, dated December 12, 1963, denying a writ of habeas corpus.
On June 29, 1961 defendant, represented by assigned counsel, pleaded guilty to two indictments, each of which charged him, in the first count, with robbery, and in the second count, with committing that offense while armed. The indictments charged the offenses to have been committed in the City of Newark on November 8, 1960 and January 30, 1961, respectively. On August 31, 1961 defendant was sentenced to a term in State Prison. He has not appealed the judgments of conviction, entered upon his guilty pleas.
On September 16, 1963 defendant petitioned for a writ of habeas corpus. He was assigned another attorney, who represented him at the hearing thereon. At the conclusion of the hearing the judge denied the writ.
Defendant first argues that his constitutional rights were violated by reason of the fact that he pleaded guilty only after he was wrongly advised by his then assigned attorney that there were no grounds to contest a confession previously made by him. He urges that this confession was not admissible against him because (1) it was involuntary and (2) he was not advised of his right to counsel before he confessed and he had none when he did so. His argument is founded upon the premise that if he had been correctly advised that the confession was not admissible, he would not have pleaded guilty.
*325 At the hearing below, in an attempt to support his contention that the confession was involuntary, plaintiff testified to the severe and prolonged force allegedly exerted upon him by members of the Newark Police Department.
The State, in contradiction thereof, offered the testimony of defendant's former attorney, who testified without objection. The attorney stated that while defendant did tell him that he was beaten by the police before he confessed, his version then was not the same as that asserted by him at the post-conviction hearing. He said that defendant had told him then that the police merely pushed him and that the force allegedly used was not severe. Counsel further testified that by reason thereof he had told defendant that he did not believe he could successfully attack the admission of the confession. Therefore, in view of this and, further, in view of the fact that defendant had admitted his complicity in the crimes charged, he had advised defendant to plead guilty to the indictments.
Defendant now contends as grounds for plain error that the testimony of his former attorney should have been excluded from evidence because the same was confidential and protected by the attorney-client privilege. While this privilege has long been recognized as a part of the law of our State, the same is not absolute; it is to be strictly limited to the purposes for which it exists, i.e., the need for consultation between attorney and client without fear of public disclosure. In re Selser, 15 N.J. 393 (1954). It does not extend to every type of confidential communication from the client to the attorney. In re Richardson, 31 N.J. 391 (1960).
A relevant communication between lawyer and client is not privileged when offered on the issue of a breach of duty by a lawyer to his client, and the attorney is no longer bound by his obligation of secrecy when his client charges him with fraud or other improper or unprofessional conduct. In such circumstances he may testify as to the facts. 97 C.J.S. Witnesses § 283m, p. 808; State v. Bastedo, 253 Iowa 103, 111 N.W.2d 255 (Sup. Ct. 1961). See also, Report of the New Jersey Supreme Court Committee on Evidence (1963), *326 p. 74, wherein it is recommended that "a communication relevant to an issue of breach of duty by the lawyer to his client * * *." be considered as an exception to the lawyer-client privilege.
In view of the charges made by defendant against his former attorney, we deem the asserted privilege not to be applicable to the attorney's testimony herein and the same was properly admitted into evidence.
Defendant relies upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) to support his second argument with reference to his confession. In State v. Johnson, 43 N.J. 572 (1964), appeal dismissed 368 U.S. 145, 82 S.Ct. 247, 7 L.Ed.2d 188 (1961), certiorari denied 368 U.S. 933, 82 S.Ct. 370, 7 L.Ed.2d 195 (1961), certiorari denied 370 U.S. 928, 82 S.Ct. 1572, 8 L.Ed.2d 508 (1962), certiorari denied Johnson v. Yeager, 377 U.S. 984, 84 S.Ct. 1890, 12 L.Ed.2d 751 (1964), it was held that the doctrine of Escobedo should not be applied retroactively to invalidate convictions no longer subject to direct appeals.
At the time he pleaded defendant raised no objection to the confession, nor did he assert violation of any other constitutional rights, as he now urges. He pleaded guilty in open court, with the assistance of counsel, knowingly and understandingly. By reason thereof he waived all of the constitutional guaranties with respect to the conduct of criminal prosecutions, 21 Am. Jur.2d 483, § 495, and the court was not deprived of its jurisdiction to sentence defendant. State v. Cynkowski, 10 N.J. 571, 576 (1952). His conviction did not in any part rest upon his confession obtained prior to arraignment, but solely upon a guilty plea voluntarily and freely made in open court. Ibid., at p. 578. The mere fact that the prosecution had in its possession an incriminatory statement is no ground for a reversal of his conviction or for allowing a vacation of his pleas. People v. Buckholz, 32 Ill.2d 482, 207 N.E.2d 451 (Sup. Ct. 1965).
We therefore conclude that defendant's arguments are totally without merit. A review of all of the evidence adduced *327 on the hearing below convinces us that defendant has not carried his burden of proof to establish a manifest denial of justice. State v. Daniels, 38 N.J. 242 (1962), certiorari denied 374 U.S. 837, 83 S.Ct. 1885, 10 L.Ed.2d 1057 (1963). Defendant adopted a course which he deemed wisest in view of advice of counsel and his own knowledge. By pleading guilty he secured the dismissal of the other indictments pending against him. We will not now allow him to change his mind at this late date, even though he attempts to camouflage this desire by cloaking it with an alleged reliance upon recent decisions expanding the rights of defendants in criminal proceedings.
The action of the trial judge in denying the writ of habeas corpus is affirmed.