**James STROWDER, Petitioner,**

v.

**Dr. John P. SHOVLIN, Superintendent, Farview State Hospital, Waymart, Pennsylvania, Respondent.**

**No. 772.**

United States District Court
M. D. Pennsylvania.
Sept. 14, 1966.

James Strowder, pro se.

Robert W. Duggan, Dist. Atty., of Allegheny Co., Louis Abromson, Asst. Dist. Atty., for respondent.

## MEMORANDUM

NEALON, District Judge.

James Strowder, an inmate at Farview State Hospital, Waymart, Pennsylvania, has filed a lengthy hand-printed petition which this Court shall treat as an application for a Writ of Habeas Corpus in·behalf of a person in custody pursuant to the judgment of a State Court in accordance with Title 28 U.S.C. § 2254.

The relator, James Strowder, entered a plea of guilty to an indictment at No. 1 January Sessions, 1960, in the Court of Oyer and Terminer of Allegheny County, Pennsylvania, wherein he was charged with the crime of armed robbery. At the time of the entry of his plea he was represented by counsel. He was sentenced to imprisonment of not less than eighteen months or more than five years, on January 4, 1960. The petitioner was then paroled on June 9, 1961, and was at liberty until September 5, 1964, when he was arrested and charged with the crime of armed robbery. Sentence was suspended on the latter charge after he once again entered a guilty plea. He was then returned to the Allegheny County Workhouse as a parole violator to serve the unexpired term of his first sentence.

Petitioner alleges that on August 19, 1965, a petition was filed by a Mr. Theodore Botula, Superintendent of the Institution, seeking relator's commitment to a mental institution. He states that on August 31, 1965, the Court of Common Pleas of Allegheny County signed an

Order committing him to Farview State Hospital, and on September 2, 1965, he was committed to Farview State Hospital.

Mr. Strowder appears to make two main allegations which we shall list as follows:

(1) That his conviction was in violation of his constitutional rights in that he was illegally detained for a period of four days after his arrest before he was granted a preliminary hearing. He alleges that during the period of unlawful detention he made an involuntary confession;

(2) That the commitment of the petitioner to Farview State Hospital was illegal and in violation of his constitutional rights.

In this case, a Rule to Show Cause was granted, and the Answer of the District Attorney of Allegheny County, Pennsylvania, was filed. The Court has also had the benefit of the brief of the District Attorney of Allegheny County filed in regard to the appeal from the Order of the Court of Common Pleas of Allegheny County in the Superior Court of Pennsylvania, a petition for Writ of Habeas Corpus filed by the relator in the Court of Common Pleas of Allegheny County, and a copy of the original indictment.

As to the first allegation, petitioner filed a petition for a Writ of Habeas Corpus in the Court of Common Pleas of Allegheny County at No. 98 October Term, 1965. The petition was dismissed and petitioner appealed to the Pennsylvania Superior Court to No. 330 April Term, 1965, which Court affirmed the Order of the lower Court. The petitioner then had the right to appeal to the Supreme Court of Pennsylvania, but did not do so. Therefore, it would appear that petitioner has not exhausted his State remedies in respect to this contention. However, Federal Courts do have the power under § 2254 to grant relief despite the applicant's failure to pursue a State remedy which is not still available to him at the time he applies for a Writ of Habeas Corpus in the Federal Court if defendant's failure to appeal cannot under the circumstances be deemed a deliberate and intelligent waiver of his right to appeal such as to justify the withholding of federal habeas corpus relief. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963). Nevertheless, in regard to the first allegation in the present petition, even if no State remedy is now available, it is clear that the "Mallory rule" was directed to excluding evidence, specifically a confession, which was obtained during a period of unlawful detention. Petitioner in the present case was convicted by his plea of guilty while represented by counsel and was not convicted by a jury in a case where his confession was introduced into evidence. The sentence was predicated upon a plea of guilty, freely and intelligently entered with the aid of competent counsel. A voluntary and intentional plea of guilty on the advice of counsel constitutes a waiver by the accused of any objection to prior proceedings which may include a violation of the accused's rights. United States ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (3d Cir. 1965). A plea of guilty is in itself a conviction and is conclusive like a jury verdict, and the Court, upon a plea of guilty, must enter judgment and impose sentence. United States v. Morin, 265 F.2d 241 (3d Cir. 1959). Unnecessary delay in scheduling a preliminary hearing is not, in itself, a ground for vacating a conviction based upon the defendant's voluntary plea of guilty in open Court. United States v. French, 274 F.2d 297 (7th Cir. 1960); United States v. Zavada, 291 F.2d 189 (6th Cir. 1961); United States v. Miller, 293 F.2d 697 (2d Cir. 1961); Adkins v. United States, 298 F.2d 842 (8th Cir. 1962). Therefore, it would appear that in any event petitioner's first allegation lacks any merit.

With respect to relator's second allegation that his commitment to Farview was illegal and in violation of his constitutional rights, the relator at no time filed any petition in the Court of Common Pleas of Allegheny County questioning the legality or the validity of

his commitment. He did file a petition against Theodore Botula, Superintendent of the Allegheny County Workhouse, when he was confined in the Allegheny County Workhouse. In that petition he, of course, could not, and did not, question the legality of his commitment to Fairview State Hospital. It is obvious that petitioner has not as yet exhausted his State remedies in regard to his second allegation, which is a necessary prerequisite before this Court obtains jurisdiction under 28 U.S.C. § 2254.

Therefore, the petition of James Strowder for a Writ of Habeas Corpus will be denied.