**STATE of Iowa, Appellee,**

v.

**Robert Everett DELANO, Appellant.**

No. 53079.

Supreme Court of Iowa.

Sept. 5, 1968.

Roger W. Sunleaf, of McNeil & Bonham, Montezuma, and Richard J. Vogel of Tomasek & Vogel, Grinnell, for appellant.

Richard C. Turner, Atty. Gen., James R. Martin, Asst. Atty. Gen., and Michael Enich, County Atty., Grinnell, for appellee.

MASON, Justice.

Defendant Robert Everett Delano, found guilty on his plea of guilty to rape contrary to section 698.1, Code, 1966, as charged by county attorney's information, was sentenced by Poweshiek district court to 30 years in the state penitentiary.

Defendant appeals from this final judgment assigning as errors relied on for reversal trial court's action in (1) receiving a presentence report, (2) examining defendant's confession or admission as a sentencing aid without determining its voluntariness and (3) imposing sentence that was excessive under the circumstances.

Defendant's fourth assignment in which he contends accused is guaranteed the right to confront all witnesses against him will be considered with his first assignment.

I. The county attorney's information was approved and filed October 27, 1967. Arraignment, defendant's plea and sentencing followed this same day. Before proceeding further with arraignment, the court, after asking defendant his name and age and being advised he was without funds to employ counsel, appointed an attorney with whom defendant had previously consulted and who had represented him at preliminary hearing.

When defendant declined opportunity afforded to consult further with his attorney the court continued with arraignment proceeding. The information was read.. The court inquired if defendant had a copy, if he were correctly named therein, if he understood what had been read to him and whether he had discussed with his attorney the charge made in the information and the matter of his plea. Defendant answered each question affirmatively. The court questioned counsel whether he had advised defendant of his rights to trial and of counsel's willingness to defend him at trial if necessary. The attorney advised he had.

Asked if he knew the penalty fixed for rape was imprisonment in the state penitentiary for life or a term of years not less than five, defendant answered, "Yes." Questioned about being in good health defendant replied, "Just one pulled shoulder." At this point the court said, "That, as I understand it from the presentencing report, was incurred in an accident years ago in a bakery or—." Defendant answered, "Yes", without further comment or objection by either him or his attorney.

The court again advised the defendant that if he entered a plea of not guilty he was entitled to speedy jury trial and be represented by counsel. When the court wanted to know if defendant had received any threats or promises whatsoever in connection with his plea defendant replied, "No", and stated his plea as "guilty."

After short recess the court asked defendant and his attorney if either wished to be heard regarding the sentence to be imposed. The following record was made:

"Mr. Sunleaf: Yes, Your Honor. First of all, I would like to point out, as the presentence investigation has shown, that Mrs. Robert Delano is now pregnant and will be expecting a child shortly. * * * And also I would like to point out that the admission signed by the defendant several

days ago admitting to this crime states how he was drunk at this time or at the time of the happening of the rape which was between 9 and 10 o'clock the Saturday evening, October 14, * * *

" * * *

"The Court: Mr. Delano, I have read your confession or statement to the authorities, and in that I note that you say you knew 'at the time I did this-that it was wrong but I thought it would be a good way to get back at my wife;' is that true?

"The Defendant: Yes.

"The Court: You know of any legal cause to show at this time why sentence should not now be pronounced?

"The Defendant: No."

II. Under his first assignment defendant maintains the court erred in receiving information concerning the social and economic background and other offenses of the accused prior to his plea of guilty. In oral argument before us counsel conceded the presentencing investigation had been made prior to defendant's plea as an accommodation to him.

Code section 247.2 as amended by chapter 219, Laws of the Sixty-second General Assembly, gives the trial court authority to have certain named agencies make investigation with respect to suspension of sentence and probation.

He further contends accused is guaranteed right to confront all witnesses against him. He argues he was given no opportunity to ascertain by cross-examination or any other means correctness of information contained in the presentence investigation report referred to in passing by the trial court; trial judge may well have relied upon misleading or inaccurate information contained in report; the report, by its very nature, must be hearsay; absence of a required showing that the information was correct is surely a denial of due process.

It is evident from the record set out supra defendant's counsel either had been permitted to examine the presentence report and defendant's confession or had been fully informed as to contents of both writings before sentencing. At no time did defendant challenge accuracy of statements in this report about his background nor was the trial judge asked to disregard any of them or to afford him a chance to refute or discredit any of them by cross-examination or otherwise. He made no request that the state be required to offer evidence in support of the statements.

When questioned about his health defendant indicated, as previously noted, he had a "pulled shoulder." The court then made reference to a statement in the presentence report concerning this condition. Defendant verified accuracy of the report as to circumstances surrounding this injury. Later defendant's counsel explained the absence of defendant's wife at the hearing by referring to a statement in the presentence report that she was pregnant.

As suggested in Williams v. State of Oklahoma, 358 U.S. 576, 584, 79 S.Ct. 421, 426, 3 L.Ed.2d 516, "This alone should be a complete answer to the contention." But that court went on to consider its opinion in Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, and stated its holding in the New York case where a similar contention had been rejected in these words:

"[O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court but may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime and to the convicted person's life and characteristics."

There is a sound practical reason for different evidentiary rules governing trial and sentencing procedures.

"In a trial before verdict the issue is whether a defendant is guilty of having engaged in certain criminal conduct of which he has been specifically accused. Rules of evidence have been fashioned for criminal trials which narrowly confine the trial contest to evidence that is strictly relevant to the particular offense charged. These rules rest in part on a necessity to prevent a time consuming and confusing trial of collateral issues. They were also designed to prevent tribunals concerned solely with the issue of guilt of a particular offense from being influenced to convict for that offense by evidence that the defendant had habitually engaged in other misconduct. A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a require- ment of rigid adherence to restrictive rules of evidence properly applicable to the trial." Williams v. People of State of New York, 337 U.S. 241, 246–247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, 1342.

■ Further answer to defendant's contention that accused is guaranteed the right to confront all witnesses against him is found in United States v. Fischer (2 Cir.) 381 F.2d 509, 511.

" * * * While the amount of sentence imposed upon a convicted defendant is, needless to say, a matter of great concern to him and there is a certain amount of persuasiveness to his argument that the criminal courts should follow a policy of reveal- ing to him information which the probation report contains which has been gleaned from outside sources and which militates against him in the fixing of the sentence which he must serve, it does not follow that in not doing so the court deprived him of his Sixth Amendment right of confronta- tion, because weighty countervailing pol- icies have led the Supreme Court to hold that the constitutional guaranty of that right has no application at the sentencing stage of a criminal prosecution. See Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); Williams v. State of Oklahoma, * * *; Williams v. People of State of New York, * * *. As stated by Mr. Justice Black in Williams v. People of State of New York, supra, those policies require that the sentencing judge be free to consider information which would be unob- tainable if he were limited only to consider- ing representations made in open court and subject to cross-examination and rebuttal. Obviously, if the court could not protect the sources of its information, those sources would dry up."

■ That refusal to disclose presentence investigation report is not a violation of due process of law, see also Thompson v. United States (10 Cir.), 381 F.2d 664, 666–667; United States v. Trigg (7 Cir.), 392 F.2d 860, 864.

■ In Trigg, supra, the court relying on Williams v. People of State of New York, supra, said "the fixing of the sen- tence to be imposed does not involve an issue subject to 'trial' procedures but is a matter which makes it necessary that a sentencing judge not be denied an op- portunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly ap- plicable to the trial itself."

In Driver v. State, 201 Md. 25, 92 A.2d 570, 573–574, we find this statement:

" * * * [T]he procedure in the sen- tencing process is not the same as that in the trial process. It is a fundamental

principle that a person accused of crime shall not be convicted unless he is given reasonable notice of the charge and an opportunity to be heard in his defense and to examine adverse witnesses. But the sentencing judge may consider information, even though obtained outside the courtroom, from persons whom the defendant has not been permitted to confront or cross-examine."

When the trial court, before imposing sentence, asked defendant's counsel if he had anything to say, he immediately made reference to the presentence investigation and statements contained in defendant's confession. As stated, neither he nor defendant objected to the report or made any effort to refute any part of it. Later in the proceedings defendant was asked if he knew of any legal cause why sentence should not be pronounced and his answer was, "No."

■ From the reference made to his state of health defendant was well aware of the trial court's use of the presentence report before he entered his plea. He did not see fit to make an objection at that time. We must assume that, in the absence of evidence to the contrary, the court made proper use of the report and did not give consideration to anything based only upon rumor or at a stage prejudicial to defendant.

■ Although the contentions asserted in this division were not made in the trial court, they have been considered here to prevent a manifest miscarriage of justice. Section 793.18, Code, 1966. We find no basis in this record for defendant's contention he was deprived of due process of law or that any other constitutional rights asserted here were violated.

This is not to say the sentencing process is immune from scrutiny.

Specht v. Patterson, 386 U.S. 605, 608, 87 S.Ct. 1209, 1211, 18 L.Ed.2d 326, although adhering to the pronouncement of Williams v. People of State of New York, supra, refused to extend it to a radically different fact situation.

In Townsend v. Burke, 334 U.S. 736, 740–741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, due process was found lacking where the sentencing judge had been furnished incorrect information in or had misread the record of prior convictions.

In the notes appended to rule 32 as amended, Federal Rules of Criminal Procedure, 18 U.S.C.A., the Advisory Committee on rules indicated its belief Williams v. State of Oklahoma, supra, and Williams v. People of State of New York, supra, held the due process clause of Amendment 14 does not require that sentencing court must disclose report of the presentence investigation to defendant or give him an opportunity to rebut it. However, the committee noted substantial policy arguments that the accused have an opportunity to see and refute allegations made in such reports. It expressed hope courts would make increasing use of their discretion to make such disclosures so defendants generally may be given full opportunity to rebut or explain facts in the presentence report which will be material factors in determining sentences.

In this connection see also A.L.I. Model Penal Code, proposed official draft, section 7.07(5) which provides:

"Before imposing sentence, the Court shall advise the defendant or his counsel of the factual contents and the conclusions of any presentence investigation or psychiatric examination and afford fair opportunity, if the defendants so request, to controvert them. The sources of confidential information need not, however, be disclosed."

" * * * The main consideration against full disclosure is the prospect that the revelation of certain material given the probation officer in confidence, would result in the destruction of the sources of such

material and its availability—a consequence which would be highly prejudicial to the difficult task of imposing a proper sentence. But where the material in no wise relates to such a confidential declaration, there would appear to be little reason not to disclose what has been reported to the sentencing judge. This is a matter, however, which must rest in his sound discretion." United States v. Fischer, supra, 381 F.2d at 512–513.

Among states having statutory provisions granting defendant access to the presentence report are Alabama, Minnesota, Ohio, Oklahoma, Virginia, Utah and California. Other states have arrived at disclosure by judicial decisions. Citation to these authorities is found in Maxim N. Bach, The Defendant's Right of Access to Presentence Reports, 4 Criminal Law Bulletin, No. 3, 160–161.

As a note of caution it has been suggested that *"Kent* [383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84] and *Specht* [supra], read together, seem to indicate that some form of hearing or opportunity to rebut matters in confidential reports which significantly affect important dispositional or sentencing decisions may emerge as a constitutional necessity in the not too distant future." The Defendant's Right of Access to Presentence Reports, supra, at 167.

■ When the trial court in the exercise of his discretion determines that a hearing should be had it need not "conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but * * * the hearing must measure up to the essentials of due process and fair treatment." Kent v. United States, supra, 383 U.S. at 562, 86 S.Ct. at 1057, 16 L.Ed.2d 84.

III. Defendant does not contend his guilty plea was a product of violation of fundamental constitutional rights or brought about or induced by the confession referred to at sentencing. No sug-

gestion is made the guilty plea was entered other than freely and voluntarily in open court.

In these circumstances we consider defendant's contention made in support of his second assignment of error that when the court inquired into one portion of defendant's confession he should also have inquired if it had been voluntarily given or placed burden of showing such fact on prosecution before using it in any manner.

■ "A plea of guilty freely and voluntarily entered in open court is a waiver of trial and defense and a submission without contest. It waives all defenses except that the indictment or information charges no offense, and, of course, the right to challenge the plea itself." State v. Kulish, 260 Iowa 138, 148 N.W.2d 428, 432, and citations. This statement was cited with approval in State v. Ellenburg, 260 Iowa 1224, 149 N.W.2d 122, 123, citing further authorities.

■ A voluntary and intelligent plea of guilty by an accused constitutes an admission of guilt and, when accepted by the court, a conviction or equivalent of a conviction of the highest order. Its effect is to authorize imposition of sentence prescribed by law on a verdict of guilty of the crime charged. People v. Laudermilk, Cal., 61 Cal.Rptr. 644, 431 P.2d 228, 234–235, and citations; McCoy v. Warden of Maryland Penitentiary, 234 Md. 616, 198 A.2d 245, 246, and citations; Wolff v. State, 172 Neb. 65, 108 N.W.2d 410, 412, and citations; and Strowder v. Shovlin (M.D.Pa.), 272 F.Supp. 271, 273, affirmed 3 Cir., 380 F.2d 370.

Defendant was convicted by a plea of guilty while represented by counsel and not convicted by a jury in a case where his confession was introduced into evidence. His conviction did not in any part rest upon a confession obtained prior to arraignment but solely upon a plea voluntarily and freely made in open court.

State v. Humphreys, 89 N.J.Super. 322, 215 A.2d 32, 34.

■ As the plea itself provides the basis for conviction, no evidence need be introduced and the right to trial free of evidence illegally obtained is forfeited. Hawkins v. State, 26 Wis.2d 443, 132 N.W. 2d 545, 547–548; Reed v. Henderson (6 Cir.), 385 F.2d 995, 996.

■ Because a plea of guilty, if understandably and voluntarily made, acknowledges guilt, it eliminates all questions as to admissibility of evidence, constitutes a waiver of defendant's right to be confronted by witnesses who would testify against him and dispenses with presentation of those witnesses. State v. Livingston, 182 Neb. 257, 153 N.W.2d 925, 927.

■ When a defendant voluntarily and understandingly pleads guilty with full knowledge of his constitutional rights and has been informed of the consequences of his guilty plea, it is immaterial whether he gave a prior confession or statement without being advised of his right to remain silent, of his right to counsel, and that his statements could be used against him. State v. Cooper, 182 Neb. 765, 157 N.W.2d 412, 414, and citations.

Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is clearly inapposite since it deals with "admissibility of statements" obtained from an individual subjected to custodial police interrogation. Reed v. Henderson, supra, 385 F.2d at 996. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, concerned receipt into evidence of admissions made before trial to police officers.

■ A constitutional right, like any other right of an accused, may be waived. As stated, defendant pleaded guilty in open court, with assistance of counsel, knowingly and understandingly. By reason thereof he waived all constitutional guaranties with respect to conduct of criminal prosecution and any objection to prior proceedings which may include a violation of his rights. People v. Dennis, 34 Ill.2d 219, 215 N.E.2d 218, 220; State v. Humphreys, supra, 89 N.J.Super, at 325, 215 A.2d at 34; Hawkins v. State, supra, 26 Wis.2d at 446–449, 132 N.W.2d at 547–548; and Strowder v. Shovlin, supra, 272 F.Supp. at 273. He thus waived his right to litigate the issue of voluntariness and validity of signed statements obtained by prosecution. Knowles v. State, 280 Ala. 406, 194 So.2d 562, 564, cert. denied 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442; State ex rel. Kline v. Burke, 27 Wis.2d 40, 133 N.W.2d 405, 407; and Thomas v. United States (9 Cir.), 290 F.2d 696, 697.

When defendant pleaded the contention now urged was not asserted against the use of his confession. In fact, as shown by the record, his counsel was the first to refer to the confession and when the trial court made inquiry as to the accuracy of a statement contained therein, defendant acknowledged the statement as true.

Defendant argues prosecution has the burden of showing a confession was voluntary and not the product of any form of compulsion or promise, whether physical or mental; that an extrajudicial confession of guilt of an accused is admissible against him only when it was in fact voluntarily made.

We have read the authorities cited by defendant as supporting this contention. They do not aid defendant here as they are factually distinguishable in that they involved issues presented at trial.

"The holding of *Miranda* is best summarized by the court itself (384 U.S. p. 444, 86 S.Ct. p. 1612): '[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.' * * * [But] *Miranda*, in effect, defined as incriminating

any testimonial evidence introduced against the defendant in a criminal *trial, * * * .*" State v. Strutt, 4 Conn.Cir. 501, 236 A.2d 357, 361–362 (Emphasis supplied).

But as we have pointed out the procedure in the sentencing process is not the same as that in the trial process. It does not involve an issue subject to "trial procedures." United States v. Trigg, supra, 392 F.2d at 864; Driver v. State, supra, 92 A.2d at 573.

■ Where, as here, an accused's confession is used in the sentencing process following a plea of guilty, there is no requirement that the State show it was freely and voluntarily made.

Defendant's contention considered in this division is without merit.

IV. In his remaining assignment defendant contends the court abused its discretion in imposing a sentence which was beyond that warranted by the facts and circumstances.

■ Section 698.1 of the Code "places a discretion in the trial court as to the penalty to be imposed. In exercising that discretion it is not error for the court to ascertain any and all facts that will assist it in the proper exercise of that discretion, whether it be in or out of the record." State v. Myers, 241 Iowa 670, 672, 42 N.W.2d 79, 80, citing State v. Maloney, 79 Iowa 413, 44 N.W. 693. See also State v. Dalton, 254 Iowa 96, 101, 116 N.W.2d 451, 454, and State v. Cupples, 260 Iowa 1192, 152 N.W.2d 277, 280 where language identical in substance was used in rejecting a similar contention.

■ The victim of the rape was defendant's one-year-old daughter. The sentence imposed was well within the statutory limits. In our opinion it is not excessive.

■ V. A judgment in a criminal case will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.

The case is

Affirmed.

All Justices concur.