## IN THE COURT OF APPEALS OF IOWA

No. 13-1895
Filed September 17, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WARREN WILLIAM LOVELL,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Mary E. Howes,

Judge.

A defendant appeals his resentencing on two counts of incest.

**AFFIRMED**.

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant

Attorney General, and Alan Ostergren, County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Warren Lovell entered guilty pleas to two counts of incest—admitting sexual contact with his teenaged granddaughter. The district court ordered him to serve consecutive indeterminate sentences of five years for each count. In doing so, the sentencing court relied on the unproven allegation that Lovell gave the victim money in exchange for sex acts. In Lovell's first appeal, the State conceded the court's reliance on the impermissible sentencing factor. Our supreme court granted summary reversal and remanded for resentencing. At resentencing, the district court again imposed consecutive five-year terms.

Lovell appeals a second time, alleging the district court lacked jurisdiction because the appellate court clerk did not issue procedendo indicating the conclusion of the first appeal until after the resentencing hearing. If the district court had jurisdiction, Lovell urges us to find the court again considered an improper factor.

We find Lovell waived filing of the procedendo and consented to the jurisdiction of the district court by appearing at the resentencing hearing, when no additional time existed for challenging the summary reversal order. We also reject Lovell's second objection to his resentencing; the district court affirmatively stated it was not considering the offending evidence in reaching its sentence. Accordingly, we affirm.

I. **Background Proceedings**

On his sixty-eighth birthday, Lovell appeared in the district court and pleaded guilty to two counts of incest, class "D" felonies, in violation of Iowa

Code section 726.2 (2011). He admitted to twice having oral sex with his sixteen-year-old granddaughter. Because of Lovell's age and his lack of a criminal record, the presentence investigation (PSI) recommended probation and placement at a residential correctional facility.

In January 2013, the district court held a sentencing hearing at which the victim said she wanted her grandfather "to get help" for what he did to her. She said his actions "ruined" her life; she has bad dreams and was afraid to talk to men. The defense echoed the PSI suggestion for residential placement. The county attorney recommended consecutive prison terms. The sentencing court adopted the State's recommendation, noting the "despicable nature of the crime" and Lovell's "manipulation and exploitation of someone who trusted" him. In rejecting Lovell's request for probation, the court referred to "the idea that you would take cash in exchange for sex from your granddaughter to help support your great granddaughter." Lovell appealed.

The sentencing court's reference to an unproven factor caused the State to concede that resentencing was required. Three justices of the supreme court vacated the sentence and remanded the case for resentencing in an order issued October 16, 2013. The court did not retain jurisdiction.

On October 29, 2013, the district court received the remand order from the supreme court. On October 30, 2013, the district court issued an order scheduling resentencing for November 22, 2013. The court ordered an addendum to the PSI to track Lovell's progress and reappointed defense counsel.

On November 22, the court held the resentencing hearing, at which Lovell appeared with counsel. The court asked counsel if there was "any reason we couldn't have the resentencing today?" and counsel responded "No."

In his allocution at the resentencing, Lovell told the court: "I feel that I was attacked." Incredulous, the court responded: "I'm sorry. You felt like you were attacked?" Lovell continued: "She came to me. I didn't go to her." Lovell said the victim "thought she was old enough being she was 16" and already had a baby. Lovell accused the victim of being mentally ill and not taking her medication. He concluded by telling the court: "I've lost everything I have."

The court told Lovell: "[A]lthough you have a lack of criminal history, this is extremely offensive, obviously, in the eyes of the law, and in the eyes of the Court because this girl was in a vulnerable position." The court then mentioned: "In reading the case, [the victim] is desperate for diapers for her baby, and then for sex, you're giving her money. She said she needed money for diapers for the baby."

Defense counsel soon interceded, saying: "I thought that this case came back because of the reasoning, money for sex." The court then realized Lovell "didn't plead to that." The county attorney reiterated the court could not rely on the allegation that Lovell paid money for the sex acts. The court then stated: "Right, and I'm not relying on that." The court was concerned Lovell was not taking responsibility for his crimes and instead was blaming his sixteen-year-old granddaughter. The court ordered Lovell's sentences to run consecutively.

Lovell filed a notice of appeal from the resentencing on November 26, 2013. On December 2, 2013, the clerk of the appellate courts issued procedendo, marking the conclusion of the first appeal. Based on that timing, Lovell now argues the district court did not have jurisdiction to proceed with resentencing on November 22. He also argues the resentencing court abused its discretion by relying on the same impermissible factor, despite its disavowals of that consideration.

## II.     Analysis of the Sentencing Claims

We review Lovell's first claim, concerning jurisdiction, for correction of legal error. *See State v. Emery*, 636 N.W.2d 116, 119 (Iowa 2001). We review Lovell's second claim, alleging the resentencing court's consideration of an impermissible factor, for an abuse of discretion. *State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005).

### A.     Consent to Jurisdiction

Lovell claims his sentence is without legal effect because the district court did not have jurisdiction over the subject matter of his appeal when it resentenced him before the clerk issued procedendo from the first appeal. We do not believe Lovell's sentence is void, though the resentencing occurred before issuance of procedendo.

A procedendo is the order which goes from the supreme court to the district court indicating the district court may proceed with retrial or resentencing. *See State v. Henderson*, 243 N.W. 289, 290 (Iowa 1932). The timing for

issuance of procedendo appears in the rules of appellate procedure. Iowa R. App. P. 6.1208.

In *Henderson*, the supreme court explained:

> There can be no question that the jurisdiction of this court continues until it is divested by the sending of a procedendo to the lower court. There is one exception to this rule, and that is where the case is redocketed in the lower court of which all parties have notice, and the proceedings are then continued in the lower court. Under such circumstances, we have held that by appearance the parties consent to the jurisdiction of the lower court, and thereby waive the filing of a procedendo.

243 N.W.2d at 290 (noting the court first announced this rule in *State v. Knouse*, 33 Iowa 365 (1871)).

Lovell recognizes the *Knouse* rule, but asserts that case and its progeny were "implicitly overruled" in 1987 when the Iowa General Assembly enacted Iowa Code sections 814.24[1] and 814.25.[2] The State disagrees those statutes erased the ability of the parties to consent to district court jurisdiction before procedendo issues, noting: "The existence of a district court's jurisdiction without the issuance of procedendo was again acknowledged in 2006." The State cites *In re M.T.* for the proposition that jurisdiction of a reviewing court may end "without the issuance of procedendo if the reviewing court has issued its decision, the time for rehearing has expired, and the lower court has resumed jurisdiction with all parties having notice." 714 N.W.2d 278, 282 n. 2 (Iowa 2006).

---

[1] "The decision of the appellate court with any opinion filed or judgment rendered must be recorded by its clerk. Procedendo shall be issued as provided in the rules of appellate procedure." Iowa Code § 814.24 (2013).
[2] "The jurisdiction of the appellate court shall cease when procedendo is issued. All proceedings for executing the judgment shall be had in the district court or by its clerk." Iowa Code § 814.25.

That case also noted the supreme court's inherent power to issue procedendo had been codified by the legislature for criminal cases, citing section 814.24. *Id.* at 281 n.1.

Given the analysis in *M.T.*, we conclude a district court may resume jurisdiction of an action without the issuance of procedendo if an appellate court has issued an opinion or dispositive order, the time for further challenges to the appellate resolution has expired, the district court has given proper notice to all the parties, and the parties consent to the resumption of jurisdiction by their appearance before the district court.

In this case, on October 16, 2013, three justices of the supreme court sustained the State's motion to reverse,[3] and issued an order dispositive of the first appeal. A party has ten days to file a motion to review the action of a single judge or justice (Iowa R. App. P. 6.1002(6)), but the appellate rules do not contemplate a request for review of a three-justice ruling. No procedendo shall issue for seventeen days after a dispositive order from the supreme court. *See* Iowa R. App. P. 6.1208(1)(b). When the parties gathered for resentencing on November 22, 2013, thirty-seven days had passed since the court's summary reversal. Any time conceivably available for further challenges to the supreme court's order had expired. Both the county attorney and defense counsel told the district court they knew of no reason resentencing could not proceed. Under

---

[3] Only a quorum of the appropriate appellate court may sustain a motion to reverse. Iowa R. App. P. 6.1006(3). By statute, a majority of the justices sitting constitutes a quorum, but fewer than three justices is not a quorum. Iowa Code § 602.4101.

these circumstances, we hold Lovell consented to the jurisdiction of the district court to go forward with the resentencing.

## B. Reliance on Impermissible Factor

In his second assignment of error, Lovell argues the district court abused its discretion by returning to the allegation in the minutes of evidence that Lovell coerced his granddaughter into having sex by offering her money to buy diapers for her baby. Lovell did not admit to this fact in his guilty plea and the original sentencing court's reference to the fact precipitated the first reversal and remand.

It is true that the resentencing court referred to the sex-for-money allegation. But Lovell refuted the allegation, and defense counsel advised the court that avoiding that impermissible consideration was "the purpose of the resentencing." The court responded, "He didn't plead to that. Okay." The county attorney confirmed: "The law of the case is, the Court can't rely on that. Obviously, there's a whole lot of other facts." The court stated: "Right. I'm not relying on that."

The court then moved onto the facts that Lovell did admit, noting the two acts of oral sex with his granddaughter, constituting incest. The defendant volunteered: "But I got her stopped. I finally—"

The court interrupted:

You got her stopped. Gee whiz. I don't know what to say to that Mr. Lovell. That's the problem the Court has, which is I don't think you're really taking responsibility for how horrible this was. Okay. I totally agree with you—I totally don't have any problem with the concept that you didn't give her any money for it, and the Court isn't considering that, but I think that in your own statements here in court, you're blaming her.

The resentencing court decried Lovell's focus on the victim's mental health and her baby, concluding: "you're making a lot of excuses, so the Court isn't convinced that if you were to get probation that this would not recur because you're not taking any responsibility for the wrongness."

The resentencing court acted within its discretion in considering Lovell's victim-blaming attitude. *See Knight*, 701 N.W.2d at 87 (explaining lack of remorse is "highly pertinent" to a defendant's need for rehabilitation and likelihood of reoffending). The court's permissible reasons for imposing consecutive sentences were not tainted by consideration of an improper factor.

To overcome the presumption that a sentencing court properly exercised its discretion, a defendant must affirmatively show the judge relied on an improper factor, mere awareness of the factor is not enough for reversal. *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990). While the resentencing judge got off on the wrong foot by mentioning the sex-for-money allegation included in the minutes of evidence, the judge soon recognized her mistake with the help of defense counsel and the prosecutor. The judge repeatedly stated she was not considering the offending evidence in reaching her sentencing determination. We recognize "legal training helps equip those in the profession to remain unaffected by matters that should not influence the determination." *State v. Matheson,* 684 N.W.2d 243, 244 (Iowa 2004). Because the court specifically disavowed consideration of the sex-for-money allegation, Lovell has not overcome the presumption that the court properly exercised its discretion. We

will not draw an inference of improper sentencing considerations which are not plain on the record. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

**AFFIRMED.**

Potterfield, P.J., concurs; Mullins, J., dissents.

**MULLINS, J.,** (dissenting)

I respectfully dissent from the majority's conclusion that the sentencing judge's initial statement of disgust with regard to the sex-for-money allegation can be so easily disregarded. Early in the somewhat argumentative exchange between the judge and Lovell, is this statement by the court:

> Well, Mr. Lovell, the problem with your case is, although you have a lack of criminal history, this is extremely offensive, obviously, in the eyes of the law, and in the eyes of the Court because this girl was in a vulnerable position. She was your granddaughter, and I don't care if the mother was adopted. You served in this girl's life as a granddaughter. She is desperate—*In reading the case, she is desperate for diapers for her baby, and then, for sex, you're giving her money. She said she needed money for diapers for the baby.*

(Emphasis added.)

Later, after both attorneys reminded the court that the original sentence had been vacated because the sentencing judge considered the unproven and unadmitted allegation of sex-for-money, the court said: "Right, and I'm not relying on that, which it's in the Minutes of Testimony, but I guess, he didn't plead guilty to that. He just pled guilty to the sex acts with her." Then later, in response to another comment by Lovell, the judge said:

> You got her stopped. Gee whiz. I don't know what to say to that, Mr. Lovell. That's the problem the Court has, which is, I don't think you're really taking responsibility for how horrible this was. Okay. I totally agree with you—I totally don't have any problem with the concept you didn't give her any money for it, and the Court isn't considering that, but I think that in your own statements here in Court, you're blaming her. You're saying she—She was a 16-year-old girl, your granddaughter. You are saying—

From my reading of the resentencing hearing transcript, it is clear from the beginning of the hearing the sentencing judge was personally offended not only

by Lovell's criminal conduct but by his attempts to mischaracterize that conduct and argue how he had been victimized by his granddaughter. I certainly agree that judicial temperament does not require that a judge separate common sensibilities from the exercise of judicial discretion. In fact, too often in our effort to demonstrate an even-tempered approach to judicial decisions we fail to articulate the outrage that such conduct should induce. Consequently, I want to be clear that I am not criticizing the resentencing judge's reaction to Lovell's criminal behavior, his denial of responsibility, nor his attempts to show how he was victimized.

The problem remains, however, that the sex-for-money allegations had mandated that the first sentencing be vacated. Then early in the resentencing, the judge referenced how "extremely offensive" Lovell's conduct was in taking advantage of his granddaughter's "vulnerable position," and remarked, "and then for sex, you're giving her money." Despite her later assertion that she was not considering the sex-for-money allegation, her disgust with Lovell remained evident.

On some occasions it is adequate for a sentencing judge to articulate that offending evidence was not a sentencing consideration. *See State v. Matheson,* 684 N.W.2d 243, 245 (Iowa 2004). And in the absence of such a disclaimer, reversal may be required. *See id.* I am not convinced that the quote from *State v. Matheson,* cited by the majority saves this case. 684 N.W.2d at 244. The statement that "legal training helps equip those in the profession to remain unaffected by matters that should not influence the determination," is in reference

to a bench trial at which a judge's "mere knowledge of inadmissible evidence does not predicate error if the court states it will not consider the inadmissible evidence." *Id.*

Here there is a disclaimer, but much of the remainder of the remarks by the resentencing judge belies my confidence that the judge was able to fully ignore the human response initially made when referencing the sex-for-money allegation. "A judgment in a criminal case will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Delano,* 161 N.W.2d 66, 74 (Iowa 1968). On the record before us, I would find that the resentencing hearing was tainted and "offends the public sense of fair play." *See id.* Procedural fairness requires more of us. I would reverse for resentencing by a judge who has not presided over prior sentencing hearings in this case.