# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0537
Filed March 11, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Bryce D. Murphy,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Monica Zrinyi Ackley, Judge.

———————————

**SENTENCE VACATED AND CASE REMANDED**

———————————

Bryce Murphy, Moline, Illinois, self-represented appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Tabor, C.J., and Badding and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

Bryce Murphy appeals his concurrent ten- and five-year indeterminate prison sentences imposed after pleading guilty to first-degree fraudulent practice and insurance fraud. He argues that the district court improperly considered much unproven and unadmitted conduct, abused its discretion in selecting prison sentences rather than deferred judgments, and violated his constitutional due-process rights by considering the unproven conduct.

We agree with Murphy that the district court improperly considered unproven and unadmitted conduct in the minutes of testimony for this case and new charges against Murphy that were still pending at the time of sentencing. But it was not improper for the court to consider evidence of Murphy's similar previous conduct described in an administrative law judge's decision denying Murphy unemployment benefits or Murphy's guilty pleas to offenses in Illinois even though he had successfully completed "Second Chance Probation" so they were not convictions under Illinois law. And because resentencing is required, we need not consider Murphy's other arguments. We thus vacate Murphy's sentence and remand for resentencing.

\* \* \*

We review a district court's discretionary sentencing decisions, including the refusal to grant a deferred judgment, for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Even so, a "court cannot consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024) (cleaned up). Relying on such an improper consideration in sentencing is an abuse of discretion that requires resentencing, "even if it was merely a secondary consideration." *Id.* at 618 (cleaned up). But a defendant has the burden to "show that the sentencing court relied on improper evidence." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

"When a challenge is made to a criminal sentence on the basis that the court improperly considered unproven criminal activity, the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *Schooley*, 13 N.W.3d at 618 (cleaned up). So a court cannot rely on "[i]nformation contained in the minutes of testimony" unless the facts "are admitted to or otherwise established as true." *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (cleaned up). "[W]here portions of the minutes are not necessary to establish a factual basis for the guilty plea, they are denied by the defendant, and they are otherwise unproved, we find no basis to allow the sentencing court to consider and rely on these portions." *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982). Neither can a court consider the defendant's mere arrest or the filing of other charges that are still pending unless the defendant has admitted to the underlying conduct—such as by pleading guilty—or it has been proved to the sentencing court. *See State v. Fuqua*, No. 05-1440, 2006 WL 2265458, at *2 (Iowa Ct. App. Aug. 9, 2006).

*Unproven and Unadmitted Conduct in the Minutes of Testimony*. In explaining its reasons for the prison sentence, the district court—after highlighting that it had "read the Minutes of Testimony probably about four

or five times now at this point, so I clearly understand all the dates, the timeframes, and the manner by which things occurred"—explained:

> And what concerns me the most, Mr. Murphy, is that you claim to not have a good relationship with your father. I don't know why you did this, but you used him in order to get the first or the second payout on those Rolexes. You had someone impersonate him in order to bolster your position that those Rolexes were stolen.

Trouble is, the scheme involving Murphy's father that "concern[ed the district court] the most" was described only in the minutes of testimony. And the conduct was neither admitted to by Murphy in his guilty pleas nor necessary to establish a factual basis for the fraudulent-practice or insurance-fraud offenses.

In a written guilty plea, Murphy admitted to engaging in insurance fraud in June 2022 when he "did present to an insurer an oral statement in support of a claim for payment, knowing that such statement contained false information concerning a material fact, with the intent to defraud the insurer." During the plea hearing he likewise admitted to engaging in fraudulent practice in September 2022 by creating a false purchase agreement for two Rolex watches, overstating the value of the watches and submitting it to his insurance company with the intent to defraud the insurance company.

The minutes of testimony alleged that witnesses would testify that the insurance company discovered Murphy had made an earlier insurance claim to a different insurer for two allegedly stolen watches in December 2019. That discovery caused further investigation showing that back in 2019, Murphy had falsely claimed his father could corroborate the loss, gave a false phone number for his father, had someone impersonate his father when the insurer called, all resulting in a payment of nearly $10,000 to which Murphy was not

entitled. None of this 2019 conduct gave a factual basis for the 2022 offenses. And Murphy never otherwise admitted to it. So it was improper for the district court to consider this 2019 conduct in selecting Murphy's sentence. *See Black*, 324 N.W.2d at 316.

The State argues that because Murphy did not object to the presentence investigation report ("PSI")—which "described that [Murphy] submitted an insurance claim for the Rolexes in 2022 even though he had claimed they were stolen in a claim in 2019"—it was proper for the court to consider the minutes of testimony "to better understand the PSI." But the State offers no authority supporting that argument. And it runs afoul of longstanding Iowa precedent prohibiting consideration of the minutes—however illuminating they may be to understanding the offense—unless a defendant admits to the information or it is otherwise proved. *See id.*

Murphy has met his burden to show that the district court considered unproven conduct from the minutes of testimony. So we must vacate Murphy's sentences and remand for resentencing based on this error alone. But as the other claimed errors of improper consideration of unproven conduct may reoccur at resentencing, we proceed to address those claims too.

*Other Pending Charges*. Later in the district court's explanation of sentencing reasons, it explained:

> And although I don't take into consideration the facts associated with anything that has not been either reduced down to a plea or a judgment, while on probation—or excuse me, pretrial supervision, but I do take into consideration the fact that something has been reported while you were on pretrial supervision. While you are under the scrutiny of the Court, having new charges come against you is pretty much a smack in the face to the Court. So your character is still being defined not by the things that you have said you've done with regard to the counseling and the biblical studies, but by the actions that you've continued to practice the same

5

manner of deception that you did at the time you got arrested for these things.

And the court doubled down, concluding "that a prison term is the only manner by which this is resolved . . . [b]ecause while on pretrial supervision, you could not stop doing what you did before" and "[s]o the way I need to stop you is to put you in an incarcerated setting in the prison system."

Here again, the district court improperly considered unproven criminal conduct. It is not enough to avoid considering the specific facts underlying the pending charges. The court still considered that Murphy had charges filed and the court held it against him—finding "you've continued to practice the same manner of deception" and "you could not stop doing what you did before." But charges are mere allegations. Unless Murphy admitted to the offenses with which he was charged or the State presented other evidence to establish that he committed the offenses, there is insufficient evidence for the court to find that Murphy "continued to practice the same manner of deception" or "could not stop" committing offenses.[1] So this error too entitles Murphy to resentencing.

*Administrative Law Judge's Unemployment Insurance Decision*. The district court also explained its concern that Murphy "defrauded the very company that you wanted to build up" and "misrepresented information to the company you worked for." And the court explained "that doesn't seem

---

[1] The State correctly notes that Murphy's pending charges were relevant to assessing the State's compliance with the plea agreement and its sentencing recommendation. In the plea agreement, the State agreed it would recommend a suspended sentence unless Murphy "fails to appear for sentencing as ordered or receives any additional law violations or violations of pretrial supervision before sentencing." But the district court did not consider the pending charges for only this purpose. It considered them as a key reason "that a prison term is the only manner by which this is resolved."

to be outside your character, because you did that problematically with [another employer] when you were working with them." The only information about that other employer before the court was an administrative law judge's decision denying Murphy unemployment benefits because he "was discharged for job-related misconduct" that was admitted as an exhibit over Murphy's objection. That decision detailed Murphy's conduct in 2020 altering and depositing three payroll checks to fraudulently obtain more money and altering an employment verification letter and paycheck submitted to a credit union.

Murphy argues that the court could not consider this evidence because "critical differences between administrative and criminal proceedings pose high risk of improper consideration" and the "decision causes extreme prejudice, as it is completely unrelated to the conduct giving rise to the counts Murphy pled guilty to." But Murphy has cited no authority holding that a district court cannot consider the factual findings of an administrative decision at sentencing. Nor do we see anything impermissible about the district court's consideration of the decision here.

A district court has broad discretion to consider evidence bearing on its sentencing decision. And as the court aptly reasoned when admitting the decision, "[i]t has similar characteristics with regard to the conduct" and shows "the character and nature of [Murphy's] patterns." The court did not treat the decision as binding at sentencing. *Cf.* Iowa Code § 96.6(4) ("A finding of fact or law, judgment, conclusion, or final order made pursuant to this section by an . . . administrative law judge . . . is binding only upon the parties to proceedings brought under this chapter, and is not binding upon any other proceedings or action involving the same facts brought by the same or related parties before . . . [a] court, or judge of this state or the United

7

States."). Murphy had the chance to rebut its factual evidence—he just did not do so. Murphy makes no claim that he was unfairly surprised—indeed, the State filed its exhibit list with this decision twenty-four days before sentencing. *Cf. State v. Ashley*, 462 N.W.2d 279, 282–83 (Iowa 1990). Neither do we see any sign that the court mistakenly equated the denial of benefits decided by the administrative law judge with a criminal conviction.

To be sure, the decision was hearsay evidence rather than direct sworn testimony before the sentencing court. But the rules of evidence do not apply at sentencing, and hearsay evidence is permissible. *See* Iowa R. Evid. 5.1101(c)(4) (excepting "sentencing" as a proceeding at which "[t]he Iowa Rules of Evidence—except for those on privilege—do not apply"); *see also State v. Delano*, 161 N.W.2d 66, 69 (Iowa 1968) ("Once the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court but may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or out-of-court information relative to the circumstances of the crime and to the convicted person's life and characteristics." (cleaned up)). The district court did not abuse its discretion in considering the administrative law judge's decision.

*Illinois Guilty Pleas.* Finally, Murphy challenges the district court's consideration of Illinois court records that were offered into evidence by the State to provide more details about two offenses to which Murphy pleaded guilty but were ultimately dismissed and expunged after his successful completion of probation in January 2020. Murphy argues that it was improper to consider these offenses because he was sentenced to "Second Chance Probation" on one of them. *See* 730 Ill. Comp. Stat. 5/5-6-3.4 (2016).

First, he highlights that his probation sentence under that statute is not "considered a conviction under Illinois law" because he was successfully discharged from probation. *See id.* at 5/5-6-3.4(a), (g). And second he contends that "[u]nder Illinois law, a discharge and dismissal following successful Second Chance Probation may only be introduced in sentencing as aggravating evidence if the defendant is *convicted* of a subsequent offense within five years of the discharge."

Murphy's arguments do not hold up. For starters, there is no basis in the record to conclude that the district court considered the offenses as convictions.[2] And the Illinois court records—which Murphy's counsel agreed were authentic—showed that Murphy pleaded guilty to the offenses and thus admitted to engaging in that conduct. So there was nothing improper about the court considering that admitted criminal conduct in selecting a sentence.

What's more, even assuming that the Illinois statute regarding the admissibility of the dismissed offenses as aggravating evidence at sentencing in Illinois courts has any relevance to this Iowa proceeding, the offenses would be admissible under the statute. That statute provides that "the discharge and dismissal . . . shall be admissible in the sentencing proceeding for [a] conviction" when "a person is convicted of any offense which occurred within 5 years subsequent to a discharge and dismissal." *Id.* at 5/5-6-3.4(i). Under the statute, what matters is the date of the "discharge and dismissal" and the date that the new offense "occurred." *Id.*

_____

[2] The court said nothing specific about the Illinois offenses at all, aside from generically saying that "I've read through all of the materials and information that have been provided to the Court," and "I have reviewed all of the exhibits that you have offered in support of your position today."

If the new offense "occurred" within five years of the discharge, the discharge is admissible. *Id.* Murphy's focus on the date of conviction for the new offense is thus misplaced. And because Murphy's offense under the Illinois statute was discharged in January 2020 and these new offenses occurred in June and September 2022, they are well within the applicable five-year window for admissibility under that statute. The district court did not abuse its discretion in considering the Illinois court records.

We need not address Murphy's other arguments. Because we are vacating his sentence and remanding for resentencing, his arguments that the district court abused its discretion in selecting a prison sentence rather than a deferred judgment and violated his constitutional right to due process by considering unproven criminal conduct are both merely academic. On remand, the district court will have the opportunity in the first instance to select an appropriate sentence based on the newly developed record before the court at the time of resentencing.

**SENTENCE VACATED AND CASE REMANDED.**