STATE of Iowa, Appellee,

v.

Robert Benjamin MATHESON,
Appellant.

No. 02–1743.

Supreme Court of Iowa.

July 21, 2004.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Rosalise Olson, County Attorney, and Edward W. Bjornstad, Assistant County Attorney, for appellee.

PER CURIAM.

The sole issue in this appeal from a criminal sentencing is exceptionally narrow. Impact statements by victims of an out-of-state crime should not have been admitted into evidence. The State contends the error in admitting them was harmless and thus does not require reversal. We conclude the error was not harmless and therefore reverse and remand. So doing, we vacate a contrary determination by the court of appeals.

The underlying facts are as outrageous and ominous as they are bizarre. Defendant, Robert Benjamin Matheson, worked at a plant in Spirit Lake where he assaulted three women. In each case, Matheson spent several months developing a work-related relationship so none of the three were concerned about his intentions when he planned private meetings with them during times the plant was closed. Each of the three meetings, though, turned into a frightening experience for the women involved. After about an hour, Matheson would suddenly grab the victim, subdue her, and bind her arms and, in the case of one of the women, her legs. After thus

restraining them, Matheson took photographs of the women. Needless to say, it was a highly traumatic experience for the victims. Each feared being raped. Although the physical injuries were not extensive—muscle tissue damage, bruising, and red marks—the psychological damage to each was extreme and lasting.

After being charged, Matheson pled guilty to three counts of false imprisonment in violation of Iowa Code section 710.7(9) (2001) and two counts of second-degree burglary in violation of sections 713.1 and 713.5. At the sentencing hearing, the State offered, among other things, three victim-impact statements relating to a similar but separate crime committed by Matheson in Illinois, where that case was prosecuted. The Illinois statements were admitted in the present case over Matheson's objection. Matheson does not challenge evidence of the crime or his conviction in Illinois; his challenge is limited to admission in this case of the impact statements offered by the victims of the Illinois crime.

The objection was well taken. Authority to submit impact statements is authorized under Iowa Code section 915.21 and is wholly statutory. A victim under our statute includes only those who are affected by a crime "committed in this state." Iowa Code § 915.10(3).

The State contends the error in admitting the evidence was harmless and points to the presumption that a sentencing court does not ordinarily consider an impermissible factor. *State v. Sailer,* 587 N.W.2d 756, 759 (Iowa 1998). The State argues the harmlessness is apparent from the fact the court did not mention the Illinois impact statement in listing reasons for sentencing selection.[1] It is true, as the State suggests, that an appellate court is less likely to reverse when improper evidence is introduced in bench trials in which the matter is for a judge's determination rather than for determination by a jury. *Jasper v. State,* 477 N.W.2d 852, 857 (Iowa 1991) (In a bench trial, a court's mere knowledge of inadmissible evidence does not predicate error if the court states it will not consider the inadmissible evidence.). This is because legal training helps equip those in the profession to remain unaffected by matters that should not influence the determination.

But we cannot ignore the error here by assuming the sentencing court did not consider it. In the first place, the court did not state the inadmissible evidence would not be a factor in its determination. The evidence challenged here was offered specifically to influence the sentencing selection. The sentencing court here must have overruled defendant's objections by determining the evidence was admissible, and there is nothing in the record to indicate the court ever changed its mind. So the State is not rescued by our holding in *State v. Ashley,* 462 N.W.2d 279, 282 (Iowa 1990) ("The fact that the sentencing judge was merely aware of the uncharged offense is not sufficient to overcome the presumption that his determination was properly exercised.... [T]here must be an affirmative showing that the trial judge actually relied on the [information]."). Under the facts in the present case, unlike those in *Ashley* and the cases it cites, the appropriateness of the challenged factor was made an issue when the evidence was offered and challenged at the sentencing hearing.

---

1. Matheson was sentenced to ten years for both counts of second-degree burglary and one-year sentences for each of the three false imprisonment counts—to be served consecutively.

Neither is the error rescued by our holding in *State v. Sumpter*, 438 N.W.2d 6, 9 (Iowa 1989) (no prejudice where the court concluded, although the victim-impact statements were hostile and bitter and expressed a strong desire for the ultimate retribution, they told the judge little, if anything, that was not already apparent). The Illinois impact statements told the sentencing judge here a good deal more than would otherwise be known. *Sumpter* is not on point.

It might not always be fatal when evidence of this kind invades the record. But error is not cured when the sentencing court merely omits the tainted evidence in its list of sentencing considerations. As a minimum the court should make it clear the offending evidence was not a consideration. Such a disclaimer is lacking here.

We reverse and remand the case for resentencing by a judge who has not read the Illinois impact statements.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except LARSON, J., who takes no part.