# IN THE COURT OF APPEALS OF IOWA

No. 16-0209
Filed June 7, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MITCHELL SCOTT GAHAGAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson (guilty plea) and Nancy S. Tabor (sentencing), Judges.

Defendant appeals from his convictions and sentences, following a guilty plea, for one count of possession with intent to deliver (marijuana), one count of unlawful possession of a prescription drug (oxycodone), and one count of unlawful possession of a prescription drug (baclofen). **CONVICTIONS AFFIRMED; SENTENCES REVERSED AND REMANDED.**

Leah D. Patton of Puryear Law P.C., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ. Tabor, J., takes no part.

**POTTERFIELD, Judge.**

Mitchell Gahagan appeals from his convictions and sentences following a guilty plea, for one count of possession with intent to deliver (marijuana), one count of unlawful possession of a prescription drug (oxycodone), and one count of unlawful possession of a prescription drug (baclofen). Gahagan claims trial counsel was ineffective for (1) allowing him to plead guilty to possession with intent to deliver (marijuana) without a factual basis to support the charge and (2) failing to ensure he was advised of the law enforcement initiative (LEI) surcharge and the 35% surcharge involved with his two convictions for unlawful possession of a prescription drug. Additionally, he maintains the district court abused its discretion when sentencing him, claiming the court (1) considered an improper sentencing factor, namely, pending charges; and (2) wrongly refused to allow a defense witness to make a statement at the hearing.

**I. Background Facts and Proceedings.**

Gahagan was originally charged by trial information with five crimes in case FECR370741. He entered into a plea agreement with the State, whereby he would plead guilty to one count of possession with intent to deliver (marijuana), one count of unlawful possession of a prescription drug (oxycodone), and one count of unlawful possession of a prescription drug (baclofen), and the State would dismiss the other two charges.

On December 7, 2015, the State filed a "memorandum of plea agreement." Both Gahagan and his attorney signed the document, which provided, in part, "Defendant understands that a $125.00 law enforcement initiative surcharge will be assessed for any adjudication of guilty or a deferred

judgment on a violation under the following Chapters: 124, 155A, 453B, 713, 714, 715A, 716, 719 (719.8), and 725 [725(1), (2), or (3)]." (Alteration in original). The same day, Gahagan executed written guilty pleas for both charges of unlawful possession of a prescription drug. Each form contained the following statement, "I, Mitchell Gahagan, state to the Court that I am charged with unlawful possession RX drugs, code section 155A.21 [and] 703.1, a serious misdemeanor."

The same day, Gahagan appeared before the court and entered a guilty plea to the charge of possession with intent to deliver (marijuana). The following exchange took place between defense counsel and Gahagan:

> Q. Thank you. Mr Gahagan, on June 12, 2015, did you possess marijuana? A. Yes.
> Q. And did you know that the substance was marijuana? A. Yes.
> Q. And did you possess that marijuana with intent to share with other people? A. Yes.
> Q. And did that happen in Scott County, Iowa? A. Yes.

After the court accepted Gahagan's plea, it scheduled sentencing for January 28, 2016. Gahagan had recently been convicted of failure to affix a drug tax stamp in another Scott County case (FECR358471),[1] and the court scheduled sentencing for both convictions to occur at the same time.

At the sentencing hearing, the State recommended the court sentence Gahagan to a term of incarceration not to exceed five years for his failure-to-affix conviction in FECR358471 and a total term of incarceration not to exceed five years for the three convictions in the present case. The State asked the court to

---

[1] Gahagan's appeal involving case FECR358471 is also being filed today. *See State v. Gahagan*, No. 16-0206, 2017 WL _____, at *1 (Iowa Ct. App. June 7, 2017).

order the sentences for the two separate cases to be served consecutively. Defense counsel asked the court to grant Gahagan probation. She also asked that Gahagan's girlfriend, mother, and father be allowed to testify on his behalf; she indicated they would speak about how good of a father Gahagan was to his young daughter, his history with addiction to marijuana, and his mental health struggles. The court responded, "The presentence investigation report includes history about his mental health that you did not correct, and it includes what the issues are and his diagnosis, so I have that information before me to consider." The court asked the prosecutor if she had any objection to the family members speaking, and the prosecutor indicated she would "leave that up to the Court."

> THE COURT: Well, my concern is that the State has a right to know what they're gonna say and to rebut it, and they don't have that information available. They are not victims. Only victims are allowed by statute to speak.
> DEFENSE COUNSEL: I think [Gahagan's mother] wrote a letter. I'd be happy to show it to Ms. Cunningham. I've not read it.
> THE COURT: Well, if it doesn't contain any different information than is contained in the PSI, it would [not] be helpful. Ma'am, if you can't keep yourself from talking and make comments and making gestures to me, then I'm gonna ask you to leave the courtroom, please. I cannot consider what you say statutorily unless the county attorney agrees to it. Do you understand that?
> AUDIENCE MEMBER: I understand.
> THE COURT: I understand that you're a family member and this is difficult on you, and I take no fault and I show no fault toward any of the family members. This is not your fault. It's his responsibility to provide all the information that's necessary to the probation officer and if he has not done that, that's on him, not on you, and I can't consider—you can talk, but I cannot consider anything you say because it's not statutorily allowed, so if you would like to talk—

The family members were not allowed to speak on Gahagan's behalf before the court imposed the sentences, stating in part:

You had—it doesn't matter that it was two years old. You committed another crime and admitted to committing another crime while you still had other charges pending and cases pending. You've been rearrested since these. Now, they're allegations, but you still have been arrested, and that is not something that's— that's something that's in violation of your pretrial release.

You have a long history for someone so young, 31 years old, long criminal history that spans many, many years and takes up at least four and a half or five pages of the presentence investigation reports. Because of your pending charges and because of your past volatile behavior, you don't qualify for any kind of residential treatment facility in the community. You have very little work history.

. . . .

This is a case where I don't believe that probation is appropriate, and I'm going to sentence you [accordingly].

. . . .

In FECR 358441, it is my sentence that you are sentenced to an indeterminate term of confinement not to exceed five years, pay a fine of $750 plus costs. Under File No. FECR 370741 you're sentenced under Count 1 to an indeterminate term of confinement not to exceed five years, a fine of $750. Under Count 4, you're sentenced to an indeterminate term not to exceed one year in the Scott County Jail, pay a fine of $315. Under Count 5 an indeterminate term of confinement in the Scott County Jail for one year and pay a fine of $315. I will allow the sentences under 370741 to be served concurrent with each other, but I do think that, based on your history, that there is aggravating circumstances and it should be that the sentence in the other—under—in both cases should run consecutive to each other.

Gahagan appeals.

**II. Discussion.**

**A. Ineffective Assistance.**

Gahagan makes two claims of ineffective assistance; he maintains trial counsel was ineffective for (1) allowing him to plead guilty to possession with intent to deliver (marijuana) without a factual basis to support the charge and (2) failing to ensure he was advised of the LEI surcharge involved with his two convictions for unlawful possession of a prescription drug.

We review claims of ineffective assistance de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "To establish his claim of ineffective assistance of counsel, [Gahagan] must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Gahagan's claims fail if either element is lacking. *See Everett v State*, 789 N.W.2d 151, 159 (Iowa 2010). We consider the cumulative effect of possible errors when considering a defendant's claims of ineffective assistance. *See State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012). We resolve claims of ineffective assistance on direct appeal only when the record is adequate to do so. *See id.* Here, we find the record adequate.

***1. Factual Basis.*** Gahagan maintains trial counsel was ineffective for allowing him to plead guilty to possession with intent to deliver (marijuana) when there was not a factual basis to support a finding he intended to sell the marijuana. He claims that his admission he intended to "share" the marijuana supports a conviction for a lesser-included offense of accommodation.

In determining whether a factual basis supports Riley's guilty pleas, we consider the entire record, as a whole, to see if the elements of the offenses have been satisfied. *See State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010). "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Id.* at 768. Moreover, "the record does not need to show the totality of the evidence necessary to support a guilty conviction, . . . it need only demonstrate facts that support the offense." *Id.*

Gahagan's claim is without merit. A defendant is guilty of an accommodation offense if the prosecution proves the defendant delivered or possessed with intent to deliver *one-half ounce or less* of marijuana, which was not offered for sale. *See* Iowa Code § 124.410. Here, the minutes of testimony establish a bag containing approximately 20.2 grams was located in Gahagan's vehicle while another 2.4 grams of marijuana were located on his person. The total amount, 22.6 grams, is more than one-half ounce. *See Weights and Measures*, Merriam-Webster (May 22, 2017), https://www.merriam-webster.com/table/collegiate/weight.htm (defining the metric equivalent of an ounce as 28.350 grams). Additionally, the Iowa Code defines "delivery" or "deliver" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Iowa Code § 124.101(7). The definition does not require one to sell or make a profit in order to have "delivered." Gahagan's admission that he intended to "share" the marijuana with other people is sufficient to establish a factual basis for possession with intent to deliver.

***2. Surcharges.*** Gahagan claims trial counsel was ineffective for not ensuring he was advised of the 35% surcharge and the $125 LEI surcharge for his convictions for unlawful possession of a prescription drug. Here, the plea agreement memo and the guilty pleas—when read in conjunction—advised Gahagan that the LEI surcharge is assessed on violations of chapter 155A and that his guilty pleas involved a crime found in chapter 155A. Additionally, the guilty-plea forms indicated Gahagan was pleading guilty to

> [a] serious misdemeanor, the Court can sentence me to jail for up to one year, and fine me between $315.00 and $1875.00, plus surcharge and court costs. If the charge is a 1st offense possession of marijuana, the maximum jail sentence is six months and a fine up to $1000 plus surcharge and court costs.

The form did not indicate that the surcharge was 35% of the fine.

Iowa Rule of Criminal Procedure 2.8(2)(b)(2) requires the plea court to tell Gahagan the "mandatory minimum punishment, if any" and the "maximum possible punishment" before accepting his guilty plea. *See State v. Fisher,* 877 N.W.2d 676, 685 (Iowa 2016). A defendant pleading guilty has a right to be informed of surcharges levied on fines. *Id.* at 678, 686 ("For rule 2.8 purposes, we see no meaningful difference between a fine and a built-in surcharge on a fine."). We are not persuaded the general reference to surcharges amounted to substantial compliance. The court was obligated to inform Gahagan of the minimum fine. The plea form identified the number as $315. This was not the minimum fine. With the 35% surcharge, the minimum fine would have been $560.25. *See id.* at 685 (noting "the surcharges made it effectively impossible that [the defendant] could ever actually be fined $315, the mandatory minimum listed on the plea form" and "[i]n fact, the actual dollar minimum was $560.25").

There is nothing in the direct-appeal record as to whether Gahagan's trial counsel had advised him of the specific surcharges before Gahagan executed his guilty pleas. Such evidence is significant to a prejudice analysis, regardless of our view of the potential viability of Gahagan's underlying claim. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Because we conclude the record is not adequate to resolve this claim in the specific circumstances of this case, we affirm Gahagan's convictions and

preserve his claim alleging deficiencies in the plea colloquy for possible postconviction proceedings. *See, e.g.*, *State v. Draper*, No. 16-0336, 2017 WL 2181217, at *4 (Iowa Ct. App. May 17, 2017) (preserving similar challenge); *State v. Marcott*, No. 16-0869, 2016 WL 7393946, at *4 (Iowa Ct. App. Dec. 21, 2016) (same).

**B. Sentencing.**

Gahagans maintains the district court abused its discretion when sentencing him, claiming the court (1) considered an improper sentencing factor, namely, pending charges; and (2) wrongly refused to allow defense witnesses to make a statement at the hearing.

We review the sentence imposed in a criminal case for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse "absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

Here, before imposing sentence, the court stated the following:

> You had—it doesn't matter that it was two years old. You committed another crime and admitted to committing another crime while you still had other charges pending and cases pending. You've been rearrested since these. Now, they're allegations, but you still have been arrested, and that is not something that's— that's something that's in violation of your pretrial release.

"It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Id.* at 725. The State urges us to find the court did not rely on the pending charges even though the court "mentioned" them. The State claims that because the court "explicitly noted that the arrest involved only allegations," we should not

draw an inference of improper sentencing considerations. However, we note that the court did not expressly disclaim the pending charges. *See State v. Mathewson*, 684 N.W.2d 243, 244 (Iowa 2004) ("But we cannot ignore the error here by assuming the sentencing court did not consider it. In the first place, the court did not state the inadmissible evidence would not be a factor in determination.").

Additionally, "[w]hen a sentencing court has discretion, it must exercise that discretion." *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999). "Failure to exercise that discretion calls for a vacation of the sentence and a remand for resentencing." *Id.* Iowa Code section 901.2 mandates the court "shall receive from the state, from the judicial district of department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing." Moreover, the court "*may* consider information from other sources." Iowa Code § 901.2(1) (emphasis added). Here, the court appeared to believe it did not have the discretion to decide whether to hear from Gahagan's witnesses at the sentencing hearing. The court stated, "They are not victims. Only victims are allowed by statute to speak," "I cannot consider what you say statutorily unless the county attorney agrees to it. Do you understand that?" and "I can't consider—you can talk, but I cannot consider anything you say because it's not statutorily allowed."

Based on the court's reference to Gahagan's pending charges and the incorrect understanding that the court was prevented from hearing from

Gahagan's witnesses at sentencing, we reverse Gahagan's sentences and remand for resentencing.[2]

**CONVICTIONS AFFIRMED; SENTENCES REVERSED AND REMANDED.**

---

[2] Because we remand for resentencing, we do not address Gahagan's claim that the court failed to provide adequate reasons on the record for his consecutive sentences.