## IN THE COURT OF APPEALS OF IOWA

No. 17-1171
Filed January 24, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICHOLAS DUSTIN HORST,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Gregg R. Rosenbladt (guilty plea), Colleen D. Weiland (objections to PSI), and James M. Drew (sentencing), Judges.

A defendant appeals the sentence imposed following his conviction for serious injury by vehicle. **AFFIRMED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Nicholas Horst pled guilty to serious injury by motor vehicle, in violation of Iowa Code section 707.6A(4) (2016). Horst appeals the sentence the court imposed, asserting the court considered unproven facts contained in the presentence investigation report and improperly relied on just the community deterrence factor in determining not to suspend his sentence. Finding no abuse of discretion, we affirm Horst's sentence.

## I. Background Facts and Proceedings.

While texting and driving, Horst struck a bicyclist with his car, causing the bicyclist to suffer a skull fracture. There were allegations in the police reports and minutes that Horst was under the influence of methamphetamine at the time of the incident, but at the time of the guilty plea, Horst denied those allegations, pleading to the reckless-driving alternative to the crime of serious injury by motor vehicle. *See* Iowa Code § 707.6A(1), (2), (4) (defining the class "D" felony as unintentionally causing serious injury to another by operating a motor vehicle if the vehicle is driven in a manner described in subsection (1)—driving while intoxicated—or subsection (2)—driving "in a reckless manner with willful or wanton disregard for the safety of persons or property" or eluding law enforcement).[1]

Judge Rosenbladt accepted the guilty plea and ordered a presentence investigation (PSI) report. At the time set for sentencing, Horst, through counsel,

---

[1] While both alternatives are class "D" felonies, the code provides that the judgment and sentence cannot be suspended or deferred for individuals who cause serious injury by operating a motor vehicle while intoxicated. *See* Iowa Code § 707.6A(7). Because Horst wanted to advocate for a suspended sentence, he was required to confine his guilty plea to the reckless-driving alternative alone.

objected to Judge Weiland's consideration of the PSI because it contained large portions of the minutes that included the unadmitted allegations of drug use. In response to defense counsel's objections, Judge Weiland continued the sentencing hearing and ordered a revised PSI report prepared. At the second sentencing hearing, defense counsel again objected to information contained in the newly filed PSI addendum that included improper information. Judge Drew agreed defense counsel's objections were "well placed" and agreed it would "not consider those matters." After hearing the sentencing recommendations from the State—a five-year prison term—and defense counsel—a suspended sentence with probation—and affording Horst his right to allocution, Judge Drew imposed a five-year term of imprisonment and suspended the fine.

Horst appeals.

## II. Scope and Standard of Review.

Our review of a sentence imposed in a criminal case is for the correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.*

## III. Sentencing.

Horst asserts his sentence should be vacated and this case remanded for resentencing because the court abused its discretion by considering the parts of the PSI that contained unadmitted allegations and by focusing solely on community deterrence in imposing, rather than suspending, the prison term.

**A. PSI.** We agree with Horst that "[w]here portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). The unadmitted-to portions of the minutes that were included in the PSI should not be considered when sentence is imposed.

The district court here specifically disavowed on multiple occasions the consideration of the allegation of intoxication when it announced its sentencing decision. *See State v. Matheson*, 684 N.W.2d 243, 245 (Iowa 2004) (advising district courts to "make it clear the offending evidence was not a consideration" when improper evidence is introduced at sentencing). Horst claims the disavowal was not enough, citing the supreme court's decision in *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014). However, unlike the district court in *Lovell*, the district court here never mistakenly indicated it considered the intoxication evidence. *See* 857 N.W.2d at 243 (noting the district court "attempted to disclaim the reference to the impermissible sentencing factor" after first referencing the improper factor and the supreme court would not speculate about the weight the court gave, if any, to the improper factor). Horst quotes from the sentencing transcript in an attempt to prove the court considered the intoxication evidence, but the portion of the transcript he cites is a statement from defense counsel, not the district court. We conclude the district court properly and effectively disavowed its consideration of the intoxication evidence in the PSI, and we reject Horst's appellate challenge to his sentence on this ground.

**B. Deterrence.** Horst also asserts the district court improperly placed too much weight on one sentencing factor—community deterrence—over the other factors the court is to consider when determining what sentence to impose. The sentencing court is to "weigh and consider all pertinent matters" when crafting a sentence, and "no single factor alone is determinative." *State v. Cooley*, 587 N.W.2d 752, 755 (Iowa 1998) (citation omitted).

In pronouncing sentencing, the district court stated:

When the court sentences someone, by statute we are to consider three objectives. One is your rehabilitation obviously; the second is protection of the community; the third is deterrence, to keep other people from committing similar crimes. The statutory factors that we are to consider, and I have considered, are things such as your age, your prior record, your employment circumstances, your family circumstances, the nature of the offense, your attitude, and the presentence investigation report; and I have considered those matters, with the exception of the—we'll call them suggestions—that you were under the influence at the time the accident occurred.

This is a really difficult case for the court because clearly you did not intend to hurt anybody, but that isn't all there is to the story. We have a problem in this country and it's no secret that texting while driving, whether that's sending or receiving text messages, is causing a lot of accidents; and my concern is that a sentence of probation in this case really doesn't measure up to the ultimate consequences of your wrongful behavior, which were very serious obviously, and in the arena of the criminal justice system consequences are a big part of how we have to look at a case, whether those consequences are intended or not, as in this case. And so from a deterren[ce] standpoint I'm not—I'm not very comfortable with the idea of probation because I think it sends the wrong message to the community about this type of crime.

Secondly, I recognize your mental health and substance abuse issues and, again, not considering that they played a part in the accident. I'm looking at this from can you be successful on probation, from this standpoint. And I applaud you for going to treatment, but hopefully you can understand that the court's a little bit skeptical when that happens shortly before sentencing. Prior to that you had been making attempts to deal with your substance abuse issues and bailed out on them, so to speak. You really hadn't been very successful in that respect. So I have concerns about

whether at this point in your life whether street probation is something
that—that will meet your needs and the needs of the community.
    To that end, Mr. Horst, I am going to impose a prison sentence
not to exceed five years in the state prison system.

While the sentencing court did consider community deterrence, it did not

place too much weight on that factor alone and considered all pertinent matters in

determining Horst's sentence.  We find no abuse of discretion in the district court's

consideration of the sentencing factors, and we affirm Horst's sentence.

    **AFFIRMED.**