# IN THE COURT OF APPEALS OF IOWA

No. 17-1248
Filed June 6, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SARAH KUCHARO n/k/a SARAH FORD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

Sarah Kucharo, now known as Sarah Ford, appeals following her guilty plea to possession of marijuana with intent to deliver and failure to affix a drug tax stamp. **AFFIRMED.**

Eric D. Puryear and Eric S. Mail of Puryear Law, P.C., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Sarah Kucharo, now known as Sarah Ford, pled guilty to possession of marijuana with intent to deliver and failure to affix a drug tax stamp. The district court deferred sentence and judgment and placed her on probation for two years.

In time, the State applied to revoke Kucharo's probation based on her failure to maintain employment, her apparent change of residence without approval, and a positive marijuana test. Kucharo stipulated to a probation violation. Following a hearing, the district court revoked her deferred judgment and probation and imposed a prison sentence and fine.

On appeal, Kucharo contends the district court erred in (1) "failing to advise [her] of her right to allocution and [in] failing to ask whether there were any legal reasons that judgment should not be pronounced" and (2) "considering unproven allegations in sentencing [her]."

## I.    Right to Allocution

Iowa Rule of Criminal Procedure 2.23(3)(d) requires a showing of "sufficient cause . . . why judgment should not be pronounced" and states a "defendant personally" should be allowed to speak to the court "in mitigation of punishment." "Together, these requirements are referred to as a defendant's right to allocution." *State v. Birch*, No. 99-1833, 2000 WL 1520258, at *1 (Iowa Ct. App. Oct. 13, 2000). A district court imposing sentence following a revocation of probation must comply with the rule. *See State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994).

The district court did so. After questioning Kucharo about whether she understood the State's burden of proof and after confirming Kucharo wished to stipulate to the probation violation, the court asked, "Have you had sufficient time

to discuss with your attorney what the State would have to prove and the potential penalties you may receive?" Kucharo responded, "Yes." The court elicited sentencing recommendations from the attorneys, then asked the following question: "Ms. Kucharo, is there anything you would like to tell me today?" Kucharo responded, "No, thank you." The court's question opened the door for a statement from Kucharo as to why judgment should not be pronounced. The question also satisfied the court's obligation to offer the "defendant personally" an opportunity to speak in mitigation of punishment. *See* Iowa R. Crim. P. 2.23(3)(d).

## II. Sentencing Factors

"It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). Kucharo asserts, "The Court heard information concerning [her] pending charges throughout the hearing" but "did not expressly disclaim the reliance on these outside, unproven allegations in the determination of its ruling." In her view, a disclaimer was warranted under *State v. Matheson*, 684 N.W.2d 243, 244 (Iowa 2004).

*Matheson* is distinguishable. There, the State offered victim impact statements from an unrelated out-of-state prosecution, over the defendant's objection. *Matheson*, 684 N.W.2d at 244. On appeal, the defendant argued the statements amounted to an impermissible consideration in sentencing. *Id.* The Iowa Supreme Court agreed, noting our statute defines a victim as someone affected by a crime committed in this state. *Id.* (citing Iowa Code § 915.10(3) (2001)). The court found the error prejudicial, reasoning, "[T]he appropriateness

of the challenged factor was made an issue when the evidence was offered and challenged at the sentencing hearing," "[t]he sentencing court here must have overruled defendant's objections by determining the evidence was admissible, and there is nothing in the record to indicate the court ever changed its mind." *Id.*

In Kucharo's case, no one argued the pending charges could or should affect the sentencing decision, and the court made no mention of the pending charges in its sentencing decision. Accordingly, the court had nothing to disclaim. *See Formaro*, 638 N.W.2d at 725 ("We will not draw an inference of improper sentencing considerations which are not apparent from the record."); *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990) ("The fact that the sentencing judge was merely aware of the uncharged offense is not sufficient to overcome the presumption that his discretion was properly exercised.").

We affirm Kucharo's judgment and sentence for possession with intent to deliver and failure to affix a drug tax stamp.

**AFFIRMED.**