# IN THE COURT OF APPEALS OF IOWA

No. 20-0570
Filed March 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHRISTOPHER RYAN NICHOLS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Patrick W. Greenwood, Judge.

Christopher Nichols appeals his prison sentence. **AFFIRMED.**

Scott M. Wadding of Sease & Wadding, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by May, P.J., and Greer and Schumacher, JJ.

**MAY, Presiding Judge.**

Christopher Nichols appeals his prison sentence. Nichols claims his sentence should be vacated because victim impact statements "introduced unproven, unrelated, and prejudicial information for the sentencing court's consideration." We affirm.

The State charged Nichols with (1) delivery or possession with intent to deliver methamphetamine to a person under eighteen years old, a class "B" felony; and (2) sexual abuse in the third degree, a class "C" felony. Nichols and the State reached an agreement that (1) Nichols would plead guilty to sexual abuse in the third degree; (2) the State would dismiss the methamphetamine charge; and (3) the parties would jointly recommend a ten-year prison term.

At the plea hearing, Nichols admitted he committed the offense of sexual abuse in the third degree by inappropriately touching a victim who was fifteen years old when Nichols was four or more years older. The court accepted Nichols's plea and proceeded directly to sentencing.[1] The State presented verbal victim impact statements from the victim's mother, the victim, and the victim's grandfather.[2] The victim's mother and grandfather described (1) Nichols's abuse of the victim and also (2) alleged abuse by Nichols of the victim's mother. The victim's mother also alleged Nichols abused her son. Nichols raised no objection to these statements.

---

[1] Nichols waived his right to delayed sentencing, his right to the use of a presentence investigation report for purposes of sentencing, and his right to file a motion in arrest of judgment.

[2] Prior to the hearing, a written statement by the victim's mother was also filed with the court. A note from the victim's therapist was attached to the mother's statement.

The district court sentenced Nichols to prison. In this appeal, Nichols asks us to vacate his sentence and remand for resentencing.[3]

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *State v. Boldon*, ___ N.W.2d ___, ___, 2021 WL 297435, at *8 (Iowa 2021) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). "We afford sentencing judges a significant amount of latitude because of the 'discretionary nature of judging and the source of the respect afforded by the appellate process.'" *Id.* (quoting *Formaro*, 638 N.W.2d at 725).

Even so, "[a] remand for resentencing is appropriate if the record contains 'clear evidence' that the sentencing court relied on unproven or unprosecuted offenses." *State v. Olson*, No. 19-1960, 2020 WL 5650580, at *4 (Iowa Ct. App. Sept. 23, 2020) (quoting *State v. Sailer*, 587 N.W.2d 756, 762–64 (Iowa 1998)). "Even if a victim impact statement discloses unproven offenses, 'there must be an affirmative showing the court relied on . . . improper evidence.'" *Id.* (alteration in original) (quoting *Sailer*, 587 N.W.2d at 762). "We look at the court's reasons for imposing the sentence to determine whether any of them pertain to the impermissible statements." *Id.* (citing *Sailer*, 587 N.W.2d at 763).

Nichols claims the mother and grandfather's victim impact statements introduced inappropriate matters, namely, alleged wrongs against the victim's

---

[3] Iowa Code section 814.6(1)(a)(3) (2020) prohibits direct appeals from guilty pleas unless the defendant appeals from a class "A" felony or has "good cause." Because Nichols only appeals his sentence, he has good cause and we may consider his direct appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

mother and brother. And Nichols contends that, because the court acknowledged listening to those statements,[4] the court considered inappropriate matters when determining his sentence.

We begin by noting Iowa Code section 915.21(1) expressly authorizes victims to "present a victim impact statement to the court." And section 901.5 expressly requires sentencing courts to "receiv[e] and examin[e] . . . victim impact statements." So we do not fault the district court for acknowledging it *listened* to the mother and grandfather's statements. *Cf. Sailer*, 587 N.W.2d at 763 (noting court was "unable to discern any reliance on improper factors which would overcome the presumption that the district court properly exercised its discretion" from district court's statement that it had "considered the amount of the financial loss to the victim of this offense" and further noting this "statement appears to merely list sentencing factors which must be considered pursuant to" section 901.5).

As noted, though, remand would be appropriate *if* the record "affirmative[ly] show[ed]" through "clear evidence" that the sentencing court had *relied on* unproven offenses described in the victim impact statements. *See Olson*, 2020 WL 5650580, at *4 (quoting *Sailer*, 587 N.W.2d at 762–64). But it does not. When explaining the reasons for its sentence, the court said it had considered (1) "the impact of his *offense* on the victims," (2) "the nature of *the offense* that Mr. Nichols

---

[4] According to the transcript, the court said: "I've listened to the victim impact statement made those [sic], and I have reviewed those that are on file in this case. And specifically that filing was made February 29th of this year and includes [the victim's mother's] handwritten statement as well as the attached document from the [victim's] therapist."

committed," (3) "the fact that *the offense* had considerable impact on the victim," (4) "*the crime* Mr. Nichols committed," (5) "the impact that *it* had on the victims of *the offense*," (6) "the fact [Mr. Nichols] doesn't appear [a] slight[] bit remorseful about *the offense*," and (7) the fact "probation would, of course, unduly depreciate the seriousness of *the offense*." (Emphasis added.) Seven times the court used *the singular* to show that its focus was on *the* offense to which Nichols pled guilty. And although the court also mentioned other proper considerations such as Nichols's age and employment, the court never mentioned the other wrongs alleged in the mother and grandfather's statements. This suggests the court properly exercised its duty to "filter out" those improper considerations. *See Sailer*, 587 N.W.2d at 764 (noting that, although allowing victim impact statements "may at times result in the airing of allegations which are unproven, we trust that our district courts, when weighing such statements as part of the sentencing determination, will filter out improper or irrelevant evidence" and further noting "[w]ithout any clear evidence to the contrary, we assume the district court did so in the case at bar").

Even so, Nichols suggests resentencing is required by *State v. Matheson*, 684 N.W.2d 243, 245 (Iowa 2004), and *State v. Hintze*, No. 18-1418, 2019 WL 1056082 (Iowa Ct. App. Mar. 6, 2019). We disagree. In *Matheson*, the district court overruled a defendant's objections to victim impact statements that contained impermissible information. 684 N.W.2d at 244–45. By overruling the objection, the district court implied it could consider the impermissible information when making the sentencing determination. But that did not happen here. For one thing, because Nichols did not object to the victim statements, the court ruled on no

objections. Nor did the court otherwise suggest it relied on unproven offenses described in the statements. So we think *Matheson* is distinguishable.

*Hintze* is also distinguishable. There, the district court made conflicting statements as to whether it was considering unproven allegations. *Hintze*, 2019 WL 1056082, at *2 ("The mother's statement introduced facts not otherwise in the record and included serious allegations against Hintze that mirrored Hintze's prior offenses. The court stated it was not taking the mother's statement into consideration for sentencing purposes, then cited the minutes of testimony where a police report noted M.G. making the same allegations."). But here, there was no conflict. The district court consistently focused on the single offense to which Nichols pled. The court gave no reason to believe it was relying on other offenses.

The record does not show the district court relied on improper sentencing considerations. So we affirm.

**AFFIRMED.**