# IN THE COURT OF APPEALS OF IOWA

No. 24-0302
Filed December 18, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HANNAH LEEANN JOHNSTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Virginia Cobb, Judge.


        A defendant appeals the sentence imposed after revocation of her deferred judgment and probation.  **AFFIRMED.**


        Karmen R. Anderson of Anderson & Taylor, PLLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Not long after her eighteenth birthday, Hannah Johnston was arrested for first-offense possession of marijuana. She pleaded guilty to that offense and received a deferred judgment in October 2022. By December 2023, four probation violation reports had been filed. The final report resulted in the district court revoking Johnston's deferred judgment and ordering her to serve 180 days in jail. Johnston appeals the sentence imposed by the district court,[1] claiming the court abused its discretion by considering unproven charges. Because Johnston failed to show the court relied on those charges in determining her sentence, we affirm.

Less than one month after she received her deferred judgment, Johnston was arrested for operating while intoxicated. The judicial district department of correctional services filed a probation violation report, and Johnston stipulated to the violation. The district court found Johnston in contempt but continued her on probation. A second report of violations was filed in June 2023, this time after Johnston tested positive for methamphetamine and admitted use. The report alleged that Johnston had also, among other things, stopped attending outpatient substance use treatment. And an addendum in July stated that Johnston had another positive test for methamphetamine. Johnston stipulated to the violation alleged in the July addendum and was again found in contempt. As an additional condition of her probation, the court ordered Johnston to complete inpatient substance use treatment.

---

[1] *State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (finding good cause to appeal following guilty plea where defendant was challenging "the order revoking her deferred judgment and entering a judgment of conviction and sentence").

According to a third probation violation report that was filed in September, Johnston was discharged early from inpatient treatment because of mental health concerns.  She then missed an appointment with her probation officer and did not tell the officer where she was residing.  Once more, Johnston stipulated that she violated her probation and was found in contempt.  The court also extended her probation for another year.

The fourth and final report of violations was filed in December.  This report alleged that Johnston had been charged with possession of drug paraphernalia and possession of fentanyl.  She had also stopped attending outpatient substance use treatment.  An addendum in January 2024 alleged that Johnston's urinalysis test that month was "positive for opiates other than heroin and methamphetamine."  After Johnston stipulated to these latest violations, a hearing was held in February to determine whether to continue her probation or revoke the deferred judgment and impose a sentence.  *See* Iowa Code § 908.11(4) (2024); *see also State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019) (noting that after the court determines the defendant has violated a condition of probation, "the second step is determining whether the person should be committed to prison or whether the court should take other steps to protect society and improve chances of rehabilitation").

At the hearing, Johnston's probation officer recommended that the court revoke Johnston's deferred judgment and probation, explaining:

> She's been on probation for a year and a half, and I've supervised her the whole time.  We've done inpatient treatment. We've tried outpatient substance abuse treatment.  We've done GPS monitoring for over two months.  Her probation was extended, and I had her come in more frequently for probation appointments, and

she's just continued to use. She's not working. She wasn't attending outpatient treatment as recommended. She's gotten three new charges while on probation.

The prosecutor echoed the probation officer's recommendation, noting "we have tried every avenue" and "been here so many times":

> Ms. Johnston is not yet 20 years old, Your Honor, and at this point she's facing a possession of Fentanyl charge in Polk County. It would be a second offense, which means that if she's found with any kind of drug, if she's convicted of that charge in Polk County, she's facing felony charges as a 19-year-old. That is terrifying to me as a member of the community, as a prosecutor, and as an individual with friends who have children her age. I am nervous to put her back into the community so quickly given the history of this case where we've had sentences being imposed and less than 60 days later we're back in court on new possession charges.

The court interrupted the prosecutor to ask about Johnston's inpatient treatment, following which the prosecutor continued:

> [T]he fatality of Fentanyl use is what concerns me the most, and the fact that Ms. Johnston has had multiple substance abuse and mental health evaluations done, it's concerning that this most recent substance abuse evaluation suggested less treatment than her previous ones, especially given the positive test results that were received in this court on January 11th for methamphetamine and opiates or Fentanyl.
> . . . .
> . . . [G]iven all of the other avenues that we have attempted with Ms. Johnston, I think at this point the only thing that the State has left is imposing the original sentence of 180 days. And again, I don't ask for that lightly. I know that that is a very hard sentence to serve, but I also think it's the only way to ensure that Ms. Johnston doesn't continue to use Fentanyl, methamphetamine, marijuana.

Johnston seizes on these statements in arguing "[b]oth counsel for the State and the district court judge spent the majority of the hearing discussing [the fentanyl] charge and its implications on Johnston's behavior, ability to rehabilitate, and ultimately her sentence for revocation." She contends this was improper because she did not admit to anything "beyond the sole fact that she had been

charged with those crimes."  The State concedes that Johnston did not admit the new charges but argues that the majority of the hearing did not focus on those charges "and the district court did not indicate it considered them in imposing sentence."  We agree with the State.

Although we review sentencing proceedings for the correction of legal error, "we will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  "A court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it."  *State v. Gordon*, 921 N.W.2d 19, 25 (Iowa 2018) (citation omitted).  The fact that the court merely was aware of unproven offenses is not sufficient to overcome the presumption that its sentencing discretion was properly exercised.  *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018); *accord State v. Woodward*, No. 03-0661, 2004 WL 144134, at *1 (Iowa Ct. App. Jan. 28, 2004).  There must instead "be an affirmative showing that the court relied on" the unproven offenses.  *Woodward*, 2004 WL 144134, at *1 (citing *Ashley*, 462 N.W.2d at 282).  Johnston has not met that burden.

Immediately after the prosecutor finished her recommendation, defense counsel replied: "Your Honor, on behalf of my client, the Fentanyl charge is not in front of this Court.  The Fentanyl charge is in Polk County, and my client is going to face that charge and address it in an appropriate manner."  Counsel continued,

> At the end of the day, if we take a step back, the charge that is here in Dallas County is first possession of marijuana.  It is my understanding this was her first criminal charge altogether. . . .  What we are asking the Court to do is . . . find her in contempt, give her 55 days with credit served, discharge her from probation, and let her go

and deal with her Fentanyl charges and other violations in Polk County.

After hearing from Johnston, who also asked "to be able to go handle my charges over in Polk County and get that taken care of," the court stated:

> Here's my concern: I'm concerned about your life, and it looks to me like you're having trouble handling probation because of, it sounds like, both your addiction and your mental health issues. And I have to question your ability to manage—*and your attorney is right that you're not convicted of anything in the Polk County charges yet. I get that.* But it just seems to me that you are not handling street probation well.

(Emphasis added.) The court then reasoned that "at the very least, by revoking your deferred and revoking your probation, I know that you have no choice but to be clean at least for some period of time."

As the State argues, and the italicized passage makes clear, the district court stated it was not considering Johnston's unproven charges. *See State v. Matheson*, 684 N.W.2d 243, 245 (Iowa 2004) ("As a minimum the court should make it clear the offending evidence was not a consideration."); *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998) (trusting that our district courts "will filter out improper or irrelevant evidence"). Its consideration of Johnston's poor performance while on probation and her need for treatment was not improper, given her multiple positive drug tests for methamphetamine and her admissions to using that drug. *See* Iowa Code § 907.5(1) (listing sentencing factors); *State v. McCalley*, 972 N.W.2d 672, 678 (Iowa 2022) (considering defendant's past "failure to rehabilitate despite numerous opportunities"). For these reasons, we affirm Johnston's sentence.

**AFFIRMED.**