# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-1793
Filed June 24, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Carlos Ruiz Vasquez,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Warren County,
The Honorable Michael Jacobsen, Judge.

————————————

**AFFIRMED**

————————————

Danielle A. Dunne of Carney & Appleby, P.L.C., Des Moines, attorney for
appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

————————————

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Tabor, C.J.

**TABOR, Chief Judge.**

Carlos Ruiz Vasquez appeals his prison sentence for burglary in the second degree. He pleaded guilty, and the district court imposed a prison sentence not to exceed ten years. Ruiz Vasquez asserts that the district court abused its discretion by considering inappropriate factors in deciding his sentence. Because the district court expressly disavowed relying on those factors in making its decision, we affirm his sentence.

## I.     Facts and Prior Proceedings

According to the factual basis he gave for his plea, Ruiz Vasquez—having an intent to steal—entered a home occupied by a fourteen -year-old girl. At the sentencing hearing, the prosecutor recounted the girl's deposition testimony that she called her mother to report an intruder. As her mother sped home, she advised her daughter to use the family's firearm for protection. As the girl confronted Ruiz Vasquez with the gun, her mother pulled up to the house. According to the minutes of testimony, Ruiz Vasquez tried to flee but was intercepted by law enforcement.

The State charged Ruiz Vasquez with one count of burglary in the third degree, a class "D" felony, and one count of burglary in the second degree, a class "C" felony, under Iowa Code sections 713.1, 713.5, and 713.6A (2025). In a plea bargain, he pleaded guilty to second-degree burglary, and the State dismissed the other charge.

The Iowa Department of Correctional Services prepared a presentence investigation report (PSI), which recommended prison. The PSI chronicled his education, employment, family circumstances, and his history of mental-health and substance-use issues. It noted his lack of criminal history and shared an account of the crime given by the victim's mother. The

PSI also outlined that Ruiz Vasquez was born in Mexico (where his family still lives), came to the United States on a work visa, and was the subject of a federal immigration detainer.

Beyond those facts, the PSI featured an assessment of his likelihood of recidivating by using "risk factors along with protective factors that may mitigate risk areas." He scored moderate-to-high on the probability that he would be unsuccessful on community supervision.

## II.    Scope and Standard of Review

We review Ruiz Vasquez's sentence for errors at law. *See State v. Davis*, 971 N.W.2d 546, 553 (Iowa 2022). To qualify for resentencing, he must show that the district court abused its discretion or there was a defect in the procedure, including the consideration of impermissible factors. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III.   Analysis

Ruiz Vasquez claims that the district court was swayed to impose a prison term by considering two improper factors: (1) his immigration status and (2) unproven conduct.

First, according to Ruiz Vasquez, the district court wrongly relied on his status as an immigrant. He points to the court's reference to his lack of "protective factors" that would allow him to succeed on probation. He claims that the PSI didn't cite the absence of "protective factors"—with the possible exception of his past methamphetamine use. Thus, Ruiz Vasquez surmises that the court must have considered his immigration status as "a lack of 'protective factor,' which was ultimately a reason for the prison sentence."

The State counters by pointing to the court's express refusal to consider Ruiz Vasquez's immigration status. The State also contends that the court's mention of "protective factors" referred to the risk assessment, not his immigration status.

Second, Ruiz Vasquez claims the district court improperly considered unproven conduct detailed by the State during its sentencing recommendation. Although defense counsel objected to those details in the PSI, Ruiz Vasquez "presumed" the court "incorporated them into the sentencing decision." Lastly, Ruiz Vasquez argues that the court relied on unproven facts by considering that he "took steps to break in" while the teenager was inside the home.

The State acknowledges on appeal that the trial prosecutor's sentencing recommendation included unnecessary facts. But the State insists that it was enough that the court disavowed any reliance on the extraneous facts. The State also disputes that the circumstance of the house being occupied was unproven, pointing to Ruiz Vasquez's admission of that fact to support his plea.

In evaluating the sentence, we presume the district court's decision is valid because it falls within the statutory limits; Ruiz Vasquez must "affirmatively show that the sentencing court relied on improper evidence to overcome this presumption of validity." *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018). Ruiz Vasquez cannot meet that burden because the record does not show that the court relied on his immigration status or unproven conduct. In fact, it shows the opposite. The court said it was not considering his immigration status despite agreeing that it may have caused the PSI author to be slightly conflicted. The court stressed that "everyone in this country . . . however they are here in the United States have constitutional

rights. . . . [T]the constitutional rights are to protect him, just as it does anyone else. So, the Court does not consider immigration status." Likewise, the court said it "does not consider any unproven charges that have been mentioned either in the PSI or in the Victim Impact Statements, nor unproven conduct." Any potential taint from that information was overcome by the court's repeated disavowals. *See State v. Matheson*, 684 N.W.2d 243, 245 (Iowa 2004).

Moreover, in reaching its sentencing decision, the district court did not mention Ruiz Vasquez's immigration status or unproven conduct. Its reference to a lack of "protective factors" can be explained by Ruiz Vasquez's score on the risk assessment—which placed him in the moderate-to-high category for reoffending or failing on community supervision—rather than as an allusion to his immigration status. Similarly, the court's comments about taking steps to break into an occupied home were consistent with the factual basis for Ruiz Vasquez's guilty plea. Finally, we do not assume that the sentencing judge incorporated unproven conduct in its decision based on defense counsel's objection to those details in the PSI. In short, "[w]e will not draw an inference of improper sentencing considerations which are not apparent from the record." *Formaro*, 638 N.W.2d at 725.

Finding that Ruiz Vasquez has not shown that the district court abused its discretion by relying on his immigration status or unproven conduct, we affirm his sentence.

**AFFIRMED.**