208 N.J. Super. 443 (1986)
506 A.2d 67
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY F. BINN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 11, 1986.
Decided March 6, 1986.
*446 Before Judges MICHELS, DEIGHAN and STERN.
Thomas S. Smith, Acting Public Defender, attorney for plaintiff (William E. Norris, designated counsel, of counsel and on the brief).
W. Cary Edwards, Attorney General, attorney for respondent (Edward R. Bonanno, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was charged in Indictment 1776-80 with armed robbery, N.J.S.A. 2C:15-1 (count one); possession of a handgun with the purpose of using it unlawfully against the person of another, N.J.S.A. 2C:39-4 a (count two); possession of a handgun without the requisite permit, N.J.S.A. 2C:39-5 b (count three); aggravated assault, N.J.S.A. 2C:12-1 b(4) (count four), and criminal restraint, N.J.S.A. 2C:13-2 a (count five). Defendant was also charged in Indictment 1320-81 with armed robbery, N.J.S.A. 2C:15-1 (counts one and two), and possession of a handgun with purpose to use it unlawfully against the person or property of another, N.J.S.A. 2C:39-4 a (count three). Defendant's motion to dismiss these Indictments and Indictment 1191-81 was unsuccessful. He was subsequently convicted at trial of all counts as charged in Indictment 1776-80 and thereafter entered a guilty plea to count one of Indictment 1320-81. *447 As part of the negotiated plea, counts two and three of Indictment 1320-81 and all charges embodied in Indictment 1191-81 were dismissed. The State also recommended, as a condition of the plea, that the sentence on count one of Indictment 1320-81 be made concurrent with the sentences to be imposed on 1776-80, and that no motion for extended term would be made with respect to that count.
Defendant was sentenced on count one of Indictment 1776-80 to 40 years in the custody of the Commissioner of Corrections with 20 years to be served before parole eligibility. He received an eight year sentence on count three. Counts two, four and five were merged into count one. Defendant was sentenced to 20 years on count one of Indictment 1320-81 with 10 years to be served before parole eligibility. These sentences were made concurrent with each other but consecutive to the sentences defendant was then serving in New York.
Defendant appeals and argues:
POINT I THE FAILURE TO TRY THE DEFENDANT ACCORDING TO THE PROVISIONS OF THE INTERSTATE AGREEMENT OF DETAINERS ACT (N.J.S.A. 2A:159A-1 et seq.) REQUIRES VACATION OF ALL CHARGES AGAINST THE DEFENDANT.
POINT II THE SENTENCE IMPOSED UPON THE DEFENDANT IS MANIFESTLY EXCESSIVE.

I
The guilty plea to count one of Indictment 1320-81 constituted a waiver of defendant's assertions under the Interstate Agreement on Detainers insofar as that count is concerned. See e.g., State v. Truglia, 97 N.J. 513, 522-524 (1984); State v. Dively, 92 N.J. 573, 577 (1983); State v. Ternaku, 156 N.J. Super. 30, 35 (App.Div. 1978) certif. den. 77 N.J. 479 (1978) (waiver of claim under Interstate Agreement on Detainers); State v. Raymond, 113 N.J. Super. 222, 225-226 (App.Div. 1971) (waiver of speedy trial claim); State v. Humphreys, 89 N.J. Super. 322, 326 (App.Div. 1965). See also R. 3:9-3(f).

*448 II
We must address the claims under the Interstate Agreement on Detainers in light of the convictions on Indictment 1776-80. We affirm the denial of defendant's motion to dismiss substantially for the reasons expressed by Judge McGann in his opinion reported at 196 N.J. Super. 102 (Law Div. 1984). However, we add some additional comments.
Although the Interstate Agreement applies to a defendant serving a "term of imprisonment," see N.J.S.A. 2A:159A-3, we do not read Judge McGann's opinion as turning on the place where defendant was incarcerated in New York. We do agree, however, that a defendant cannot demand disposition under Article III of the Agreement, N.J.S.A. 2a:159A-3, so as to interfere with scheduled proceedings in cases still pending in the "sending State."
The United States Supreme Court recently considered the purposes of the Interstate Agreement in the context of deciding its non-applicability to probation violation charges. See Carchman v. Nash, 473 U.S. ___, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). The Court noted that the Agreement was designed, in part, to help persons incarcerated in other jurisdictions (the "sending State") to secure a speedy trial in the forum ("receiving State"). 473 U.S. at ___-___, ___, ___-___, 105 S.Ct. at 3403, 3405, 3408-3409, 87 L.Ed.2d at 520-521, 523, 527-528; Art. I, V (a); N.J.S.A. 2A:159A-1, -5(a). See also Annotation, "Validity, Construction, and Application of Interstate Agreement on Detainers," 98 A.L.R.3d 160, 166-169, 189-191 (regarding relationship between Article III and right to speedy trial). Cf. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). The Court of Appeals in Carchman had expressly suggested that Article III was designed "to vindicate a prisoner's constitutional right to a speedy trial." Carchman v. Nash, supra, 473 U.S. at ___, n. 10, 105 S.Ct. at 3409, n. 10, 87 L.Ed.2d at 527, n. 10; see Nash v. Jeffes, 739 F.2d 878, 883 (3d Cir.1984) rev'd sub nom. Carchman v. Nash, supra; cf. Dickey *449 v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); Smith v. Hooey, supra.
It can hardly be suggested that a defendant can request speedy trial in various jurisdictions simultaneously and then complain that his Sixth Amendment rights are violated by the absence of contemporaneous dispositions. Cf. e.g., Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Moreover, while a prisoner's right to a speedy trial in another jurisdiction is not measured exclusively by the Interstate Agreement on Detainers, see Annotation supra at 189-191; cf. Dickey v. Florida, supra, he could not expect contemporaneous dispositions of various charges by simultaneous applications under Article III of the Interstate Agreement. See generally, Annotation, supra at 189-191, 233-236, 279-284 and cases, including New Jersey decisions, noted therein. Similarly, a defendant should not be able to evade or delay pending prosecution or proceedings in one state by seeking disposition in another jurisdiction under the Interstate Agreement on Detainers. Id. In any event, the pending proceedings in the "sending state" can be the basis for a continuance or a tolling of the 180 day requirement under Article III; and the continuance, tolling or enlargement of that time period under Article III can only occur "in open court, the prisoner or his counsel being present...." N.J.S.A. 2A:159A-3. See also N.J.S.A. 2A:159A-6. Hence, since the defendant was not represented in these proceedings before his return to New Jersey, the issue of tolling or enlargement could not have been decided until after defendant was returned here, even though it was more than 180 days after delivery and receipt of the request for final disposition. See State v. Lippolis, 107 N.J. Super. 137, 147-148 (App. Div. 1969) rev. on dissent, 55 N.J. 354 (1970). See also Annotation, supra at 208-210.

III
We are satisfied that the sentences, including the extended term and period of parole ineligibility thereon, were *450 fully warranted. See State v. Roth, 95 N.J. 334, 360, 363-366 (1984). We also reject the challenge to the consecutive aspect of the sentence. See State v. Yarbough, 100 N.J. 627 (1985).
The sentence on count three of Indictment 1776-80 is illegal, as the State concedes. It was for a third degree crime, and an extended term was imposed on count one. See N.J.S.A. 2C:44-5 a(2).[1] Accordingly, we amend the sentence on that count (R. 2:10-3) to five years in the custody of the Commissioner of Corrections, concurrent with count one but consecutive to the sentences defendant is serving in New York.

IV
For the reasons noted above, the judgment of conviction on Indictments 1776-80 and 1320-81 and the sentences on count one of both Indictments are affirmed; the sentence on count three of Indictment 1776-80 is amended as noted. A corrected judgment shall be entered by the sentencing judge.
NOTES
[1] This provision was N.J.S.A. 2C:44-5 a(3) prior to L. 1983, c. 462 § 1 eff. Jan. 12, 1984.