**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3012-17T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

DUANE M. HOLMES, a/k/a
DEWAYNE M. HOLMES,

     Defendant-Respondent.

_____

Argued September 27, 2018 – Decided January 15, 2019

Before Judges Simonelli, O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 15-04-0455.

Jenny X. Zhang, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for appellant (Dennis Calo, Acting Bergen County Prosecutor, attorney; Jenny X. Zhang, of counsel and on the brief).

John W. Douard, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; John W. Douard, of counsel and on the brief).

PER CURIAM

Plaintiff State of New Jersey appeals from the February 9, 2018 Law Division order, which granted the motion of defendant Duane M. Holmes to dismiss a Bergen County indictment for failure to comply with the Interstate Agreement on Detainers (IAD). On appeal, the State raises the following contention:

> POINT I
>
> THE STATE DID NOT VIOLATE THE SPEEDY TRIAL PROVISION OF THE IAD BECAUSE THE 180-DAY PERIOD HAS BEEN TOLLED.
>
> A. The State did not have to request a continuance in open court pursuant to [A]rticle VI of the IAD.
>
> B. The State did not violate the speedy trial provision of the IAD because the 180-day period had been tolled pursuant to [A]rticle VI of the IAD.[1]

We reject this contention and affirm.

I.

We begin with a review of the pertinent authority. "The [IAD] is a compact entered into by [forty-eight] States, the United States, and the District

---

[1] The State raised a second contention, which it abandoned at oral argument of this appeal.

of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." New York v. Hill, 528 U.S. 110, 111 (2000); see also State v. Perry, 430 N.J. Super. 419, 424-25 (App. Div. 2013). The purpose of the IAD, codified in New Jersey at N.J.S.A. 2A:159A-1 to -15, "is 'to encourage the expeditious and orderly disposition of such [outstanding] charges and determinations of the proper status of any and all detainers based on untried indictments, informations or complaints' and to provide 'cooperative procedures' for making such determinations." Perry, 430 N.J. Super. at 424-25 (quoting 18 U.S.C.A. app. 2, art. I; N.J.S.A. 2A:159A-1). The IAD "shall be liberally construed so as to effectuate its purposes." N.J.S.A. 2A:159A-9.

The IAD applies to an indictment once an out-of-state detainer is lodged against a prisoner. United States v. Mauro, 436 U.S. 340, 361 (1978); State v. Baker, 198 N.J. 189, 194 (2009). A prisoner may initiate disposition of an outstanding out-of-state detainer and the untried indictment under Article III(a) of the IAD, which provides, in pertinent part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information or complaint on the basis of which a detainer has been

lodged against the prisoner, <u>he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice</u> of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint[.]

[N.J.S.A. 2A:159A-3(a); (emphasis added).][2]

Article V(c) requires the appropriate court of the jurisdiction where the indictment has been pending to enter an order dismissing the indictment with prejudice:

[i]f the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the [180-day] period provided in Article III[(a)] . . . hereof[.]

[N.J.S.A. 2A:159A-5(c).]

The 180-day period to bring the prisoner to trial runs from the date the appropriate written notice is actually delivered to the prosecutor. <u>Fex v. Michigan</u>, 507 U.S. 43, 52 (1993); <u>State v. Pero</u>, 370 N.J. Super. 203, 215 (App. Div. 2004). However, the 180-day period is "not absolute." <u>State v. Binn</u>, 196

---

[2] Under Article IV(c), a prosecutor may initiate disposition of a detainer lodged against a defendant incarcerated out-of-state under N.J.S.A. 2A:159A-4(a). N.J.S.A. 2A:159A-4(c). Article IV(c) is not at issue here.

N.J. Super. 102, 108 (Law Div. 1984), aff'd as modified, 208 N.J. Super. 443 (App. Div. 1986).  Under Article III(a), "the court having jurisdiction of the matter may grant any necessary or reasonable continuance" "for good cause shown in open court, the prisoner or his counsel being present[.]"  N.J.S.A. 2A:159A-3(a).  "[T]he 'necessary or reasonable continuance' provision is, by clear implication, the sole means by which the prosecution can obtain an extension of the time limits over the defendant's objection."  Hill, 528 U.S. at 116.  The grant of a continuance, on good cause shown, may be made "at any time prior to an actual entry of an order dismissing the indictment pursuant to [Article V]."  State v. Lippolis, 107 N.J. Super. 137, 147 (App. Div. 1968) (Kolovsky, J.A.D., dissenting), rev'd on dissent, 55 N.J. 354 (1970).

Under Article VI(a), the 180-day period can be "tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter."  N.J.S.A. 2A:159A-6(a); Pero, 370 N.J. Super. at 214 (citing Cuyler v. Adams, 449 U.S. 433, 442 (1981)).

We now turn to the facts of this case.  In March 2014, a Bergen County grand jury indicted defendant for third-degree burglary, N.J.S.A. 2C:20-3; third-degree theft, N.J.S.A. 2C:20-3; and fourth-degree criminal mischief, N.J.S.A. 2C:14-3(a)(1).  In May 2014, a Union County grand jury indicted

defendant for second-degree resisting arrest, N.J.S.A. 2C:29-2(b), and a Hudson County grand jury indicted him on two counts of fourth-degree possession of prohibited weapons and devices, N.J.S.A. 2C:39-3(c) and (j), and possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a), a disorderly persons offense.

In August 2014, defendant was arrested and incarcerated in Pennsylvania for crimes committed there. During defendant's incarceration, the Hudson, Union, and Bergen County prosecutors each issued detainer warrants on the indictments pending against defendant in their respective counties. While still incarcerated in Pennsylvania, on December 9, 2016, defendant delivered to each prosecutor a written notice and request for final disposition of the indictments under Article III(a). Although each prosecutor accepted temporary custody of defendant and proposed to bring him to trial on their respective indictments within the 180-day period specified in Article III(a), they agreed among themselves that Hudson County would first take temporary custody of defendant, then Union County, and then Bergen County.

Defendant remained incarcerated in Pennsylvania between December 9, 2016 and May 12, 2017. On May 12, 2017, the Pennsylvania authorities advised the Hudson County prosecutor that defendant was available for transport. On

May 31, 2017, defendant arrived in New Jersey and was lodged in the Hudson County jail.[3]

On July 28, 2017, the Office of the Public Defender (OPD), filed a motion to suppress physical evidence, which the trial court denied on August 25, 2017. On September 14, 2017, defendant filed a motion to dismiss the Hudson County indictment. The record does not reveal the disposition of that motion. In any event, on September 22, 2017, defendant pled guilty under the Hudson County indictment to an amended charge of wandering, remaining or prowling in a public place with the purpose of unlawfully obtaining or distributing a CDS or controlled substance analog, N.J.S.A. 2C:33-2.1(b), a disorderly persons offense.

On November 9, 2017, defendant was transferred to the Union County jail. On December 4, 2017, the OPD filed a motion to dismiss the Union County indictment. On December 11, 2017, defendant withdrew the motion and pled guilty to an amended charge of obstructing administration of law or other governmental function, N.J.S.A. 2C:29-1(a), a disorderly persons offense.

---

[3] The State does not explain why the Hudson County prosecutor did not transport defendant to New Jersey on May 12, 2017.

On December 13, 2017, while still incarcerated in Union County, defendant filed a motion pro se to dismiss the Bergen County indictment for the State's failure to comply with the 180-day period under Article III(a). The State opposed the motion, but did not file a cross-motion for a continuance. On December 19, 2017, defendant was transferred to the Bergen County jail, and on December 29, 2017, the OPD filed a notice of appearance.

In a February 9, 2018 written opinion, the motion judge granted defendant's motion and dismissed all counts in the Bergen County indictment. The judge found that the 180-day period was tolled under Article VI during the period defendant was incarcerated in Pennsylvania and unable to stand trial in New Jersey. See United States v. Roy, 830 F. 2d 628, 634 (7th Cir. 1987); State v. Cook, 330 N.J. Super. 395, 414 (App. Div. 2000) (citation omitted).

The judge also found that defendant was available for trial once he arrived in New Jersey,[4] and the Bergen County prosecutor had the burden to commence trial within 180 days or apply for a continuance. The judge concluded:

> Prior to [defendant's] arrival in Bergen County, although he faced charges in two other New Jersey counties, he was available for trial in Bergen County within the meaning of the statute. New Jersey

---

[4] The judge incorrectly stated that June 1, 2016 was the date defendant arrived in New Jersey. The parties agree defendant arrived in New Jersey on May 31, 2017.

A-3012-17T4

authorities were aware of his presence in the state, but misinterpreted the [180-]day requirement, believing that the statute was tolled when the defendant was incarcerated in Union and Hudson Counties. The defendant cannot be expected to suffer the consequences of the New Jersey authorities who knew he was available in the State.

Although unintentional, the Bergen County Prosecutor failed to bring the matter before the court to request a continuance.

This appeal followed.

The decision whether to dismiss an indictment lies within the discretion of the trial court. State v. Saavedra, 222 N.J. 39, 54 (2015). "A trial court's exercise of this discretionary power will not be disturbed on appeal 'unless it has been clearly abused.'" Ibid. (quoting State v. Warmbrun, 277 N.J. Super. 51, 60 (App. Div. 1994)). An abuse of discretion only arises on demonstration of "manifest error or injustice." State v. Torres, 183 N.J. 554, 572 (2005). We discern no abuse of discretion here.

## II.

Interpretation and application of what constitutes "unable to stand trial" are at the heart of the State's contention on appeal that it was not required to request a continuance under Article III(a) because the 180-day period to bring defendant to trial in Bergen County was automatically tolled under Article VI.

A.

The State argues that the motion judge erred in holding it failed to adhere to the proper procedure to extend or toll the 180-day period, which is to bring defendant before the court, with counsel, and show cause why the court should grant a continuance. The State posits, based on Roy, that when a defendant is unable to stand trial, the 180-day period in Article III or IV is automatically tolled pursuant to Article VI and it need not seek a continuance for good cause to extend the time period. The Roy court reasoned:

> [I]f tolling under [A]rticle VI required that the procedures set forth in article III be followed, there would be no reason to have two separate provisions. Article III already provides (as does [A]rticle IV) for the granting of continuances. Unless [A]rticle VI performs a distinct function, it is mere surplusage. Second, that distinct function is quite apparent from the structure of the IAD. The continuance provisions of [A]rticle III and [A]rticle IV are designed to permit the courts of the receiving state to postpone trial when the interests of justice make such a continuance "necessary or reasonable." The "good cause" must be shown in open court in order to ensure that the delay does not work to the detriment of the substantial rights of the prisoner. On the other hand, the continuance clause of [A]rticle VI is designed to perform another function. It exempts from the governance of the IAD time when the prisoner is "unable to stand trial."
>
> [830 F.2d at 624.]

We agree with the court's reasoning. If the only manner in which tolling pursuant to Article VI could extend the time-period was through a continuance for good cause under Article III, there would be no need for two distinct articles. Conversely, the Roy court's interpretation of Articles III/IV and VI is reasonable and avoids surplusage. See In re Civil Commitment of J.M.B., 197 N.J. 563, 573 (2009) ("Interpretations that render the Legislature's words mere surplusage are disfavored").

However, as we discuss below, the 180-day period in Article III was not tolled to excuse the State's failure to commence trial before the deadline passed. Thus, the State's failure to seek a continuance was fatal to the Bergen County indictment.

B.

The State argues that the 180-period was tolled for the entire time defendant was incarcerated in Pennsylvania prior to his arrival in New Jersey. In support of this proposition, the State relies on dicta from State v. Millett, 272 N.J. Super. 68, 104 (App. Div. 1994) ("A prisoner is unable to stand trial when he is absent from the jurisdiction").

It is undisputed that a defendant is "unable to stand trial," and the 180-period in Article III(a) must be tolled, when the defendant is absent from the

11

receiving state due to pending charges in the sending state. Cook, 330 N.J. Super. at 413 (holding that "[o]utstanding charges pending in a sending state renders a defendant 'unable to stand trial' in the receiving state under the IAD"). Thus, here, the 180-day period was properly tolled between December 9, 2016 and May 12, 2017, when defendant was held by Pennsylvania authorities to address charges that that state.

However, the State's broader argument is that a defendant is "unable to stand trial" while he is merely absent from the jurisdiction. This argument contradicts the express language of Article III(a) that "[the defendant] shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer . . . his request for a final disposition to be made of the indictment." The argument also contradicts the interpretation of that provision by the Supreme Court of the United States in Fex, 507 U.S. at 52 (holding that the 180-day period in Article III(a) commences upon receipt of the prisoner's request by the prosecuting officer of the jurisdiction that lodged a detainer against him). The dicta in Millet, suggesting that the time period in Article III(a) does not truly commence until the defendant's arrival in the receiving state, would, if true, subvert the clear legislative intent behind the language in Article

III(a), given that the time period in Article IV expressly commences upon the arrival of the defendant in the receiving state.

Thus, the 180-day period on the Bergen County indictment commenced on December 9, 2016. The period was tolled beginning on December 9, 2016, when defendant was held by Pennsylvania authorities to address outstanding charges in that state, and re-commenced on May 12, 2017, when Pennsylvania authorities advised that defendant was available for transport to New Jersey. Subtracting the first day of the 180-day period, in accordance with Rule 1:3-1, trial on the Bergen County indictment had to commence on November 3, 2017, absent any grant of a continuance or additional tolling of the 180-day period.

The State next argues, citing no supporting authority, the 180-day period in Article III(a) was tolled during the period of defendant's pending motions in Hudson and Union Counties and lack of representation in Union County. We disagree.

The 180-day period applies to each indictment against which a detainer has been lodged. See N.J.S.A. 2A:159A-3(a) and (d). The time-period is tolled when a defendant is being tried on other charges in other jurisdictions, or from the time a defendant is not represented by counsel when the defendant has not waived the right to counsel. See State v. Miller, 229 N.J. Super. 387, 395-96

(App. Div. 1997).  The 180-day period also tolled pending motions.  <u>Hill</u>, 528 U.S. at 112.

Defendant was not being tried in Hudson or Union Counties, and thus, was available to be tried in Bergen County.  Defendant's lack of representation in Union County and pending motions in Hudson and Union Counties only rendered him unable to stand trial in those counties.  Thus, the 180-day period to bring defendant to trial in Bergen County was not tolled.  As the motion judge correctly found, the Bergen County prosecutor had the burden to commence trial with 180 days or request a continuance.  The Bergen County prosecutor's misinterpretation of the statutory provisions did not excuse strict compliance with the requirements of the IAD.  <u>State v. Glaspie</u>, 429 N.J. Super. 558, 563 (App. Div. 2013).

Defendant's pending motions and initial lack of representation in Bergen County does not change this outcome.  The Bergen County prosecutor received defendant's written notice and request for final disposition of the Bergen County indictment on December 9, 2016, and trial had to commence on November 3, 2017, inclusive of the tolling of the 180-day period while defendant was detained in the sending state to address outstanding charges. The 180-day period had already expired by the time defendant filed his motion to dismiss the Bergen

14

County indictment, on December 13, 2017, and by the time he was transferred to the Bergen County jail on December 19, 2017. Thus, defendant's Bergen County motion filing and lack of representation are of no moment. Because the Bergen County prosecutor did not bring defendant to trial with the 180-day period in Article III(a) and no continuance was granted (or sought), Article V(c) mandated dismissal of the Bergen County indictment with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-3012-17T4